**STATE, Appellee, v. WALLER, Appellant.**

Ohio Appeals, First District, Butler County.

No. 873.   Decided November 27, 1943.

Paul A. Baden, Hamilton, and Marc A. Fiehrer, Hamilton, for appellee.
Wonnell & Brown, Hamilton, for appellant.

## OPINION

By HILDEBRANT, J.

An affidavit was filed with a justice of the peace in and for Hanover Township, Butler County, Ohio, charging that defendant "did sell milk without having received and without possessing a permit so to do from the Health Officer of Butler County, Ohio, contrary to the rules and regulations of the District Board of Health of Butler County, Ohio, and contrary to the statutes in such case made and provided and against the peace and dignity of the state of Ohio."

Two questions are presented to this Court:—

First: Did the trial court, a justice of the peace, have the right to judicially notice the rules and regulations of the District Board of Health of Butler County, Ohio?

Second: Has the District Board of Health of Butler County, Ohio, the right to adopt orders or regulations in abbreviated form and attempt to incorporate therein, by reference, forms proposed by the United States Public Health Service, as set forth in a Public Health Bulletin issued by said Department upon dairy products and kindred subjects?

The District Board of Health of Butler County, Ohio, was established pursuant to §1261-16, et seq., GC and passed its orders and regulations under authority of §1261-42 GC, which provides in part:

"All orders and regulations not for the government of the. Board, but intended for the general public, shall be adopted, recorded and certified as are ordinances of municipalities and record thereof shall be given in all counties of the State the same force and effect as is given such ordinances."

Defendant waived the reading of the affidavit, entered a plea of "not guilty" and moved to dismiss the case, claiming the court was without jurisdiction in the premises and the regulations of the District Board of Health of Butler County, Ohio, illegal. The motion was overruled, and the testimony revealed defendant had sold milk without having a permit so to do, and defendant, offering no evidence, was found guilty by the justice of the peace. The conviction was affirmed by

the Court of Common Pleas of Butler County, and the appeal is here on questions of law.

Sec. 13,422-2 GC, provides, Justices of the Peace shall have county wide jurisdiction, "13. * * * for the violation of any law relating to public health."

(1) Having specifically been given jurisdiction within the Butler County Health District over the particular offenses charged under that part of §1261-42 GC, quoted supra, the justice with reference to his power to take judicial notice is in the same position as a municipal court with reference to taking judicial notice of a city ordinance.

We, therefore, find, not only that the justice is empowered to take judicial notice of the rules and regulations of the Butler County District Board of Health, but that he must do so, and, further, that the reviewing courts will do likewise, and to the same extent, on authority of the case of **Cerose v Hodge Drive-It-Youself Co., 132 Oh St, 607.** See, also: **Bonbright v Biller, 67 Oh Ap., 421; Jackson v Copelan, 50 Oh Ap., 414; Dayton v DeBrosse, 62 Oh Ap., 232.**

The prosecution was, therefore, not required to introduce in evidence the rules and regulations of the District Board of Health of Butler County, Ohio, or offer proof of their existence.

The second question, supra, must be answered in the negative.

From a reading of §1261-42 GC, it is apparent that the rules and regulations of a duly constituted District Board of Health, such as that of Butler County, were, by the legislature, considered to be in the nature of City ordinances, and their adoption and promulgation intended by the legislature to be accomplished in similar manner and form, including publication as set forth in that section, and surrounded with similar procedural safeguards. It would, therefore, seem that their publication should be substantially as required for city ordinances and the right to adopt them in abbreviated form incorporating material therein by reference governed accordingly.

The District Board of Health of Butler County, Ohio, is required by §1261-42 GC, to adopt, record, and certify its rules and regulations, as are city ordinances, promulgated the following:—

ORDERS AND REGULATIONS

August 1, 1940

"The regulations to control the production, transportation,

processing, handling, sampling, examination, grading, labeling, regrading and sale of milk products; inspection of dairy herds, dairies and milk plants; issuing and revocation of permits to milk producers and distributors; placarding of restaurants and other establishments, serving milk and milk products and the fixing of penalties, Be It Ordered by the Board of Health, Butler County, Ohio General Health District:

"Section 1. The production, transportation, processing, handling, sampling, examination, grading, labeling, regrading and sale of all milk and milk products sold for the ultimate consumption within Butler County, Ohio General Health District; inspection of dairy herds, dairies and milk plants, the issuing and revocation of permits to milk producers and distributors; the placarding of restaurants and other establishments serving milk or milk products shall be regulated in accordance with the terms of the unabridged form of the 1939 Edition of the United States Public Health Service Milk Ordinance, a certified copy of which shall be on file in the Office of the Board of Health, providing that blank spaces following the words "city of" in said unabridged form of Public Health Service Milk Ordinance shall be understood to refer to Butler County, Ohio, General Health District. Provided further that in Section 7, Item 1-R of said unabridged form of Public Service Health Milk Ordinance, the abortion testing requirement shall be effective within one year after the adoption of this regulation. Provided further, Section 8, Section 16, Section 17 of said unabridged form of Public Health Service Milk Ordinance shall be replaced respectively, by sections 2, 3 and 4 below.

"Section II: From and after twelve months from the date on which this regulation takes effect, no milk or milk products shall be sold to the final consumer or to restaurants, soda fountains, grocery stores or similar establishments within Butler County, Ohio, General Health District, except Grade A pasteurized and Grade A raw; provided that when the milk distributor fails to qualify for one of the above grades, the Health Commissioner is authorized to revoke his permit, or in lieu thereof to degrade his product and permit its sale during a temporary period not exceeding thirty days or in emergency, such longer period as he may deem necessary.

"Section III: Any person, firm of corporation violating any provision of this regulation shall upon conviction be subject to the penalty provided in Section 4414 in the General Code of Ohio.

"Section IV: All regulations or parts of regulations in

conflict with these regulations are hereby repealed and these regulations shall take effect immediately upon their adoption and publication.

"Passed on the first day of August, 1940, by the Board of Health of the Butler County General Health District.

Attest:                      H. A. Moore, M. D.,

C. J. Baldridge, M. D.                    President."

Secretary-Ex-Officio.

In Section 1, the terms of the unabridged form 1939 Edition United States Public Health Service Milk Ordinance, are incorporated by reference. We notice the same to be merely an approved and recommended form of regulation, styled a milk ordinance and suggested in order to encourage uniformity in such regulations throughout the United States.

It is not a matter officially adopted of public record, nor a statute, hence fails to import the same verity, presumptive knowledge, and provides a good example of improper incorporation by reference.

In Section III, the penalty for violation is incorporated by reference to §4414 GC. This being a public law imports a verity and presumptive knowledge of which the other example is not capable, and provides a good example of proper incorporation by reference.

The Court approves the distinction made in Thompson Scenic Railroad Co. v McCabe, Comm. of Bldg. & Safety Engineers of the City of Detroit, 178 N. W. 662, and the instant case provides an apt illustration of its application.

The reason behind the requirement of publication for ordinances and regulations is obviously that all persons within the territorial or jurisdictional limits affected thereby may be informed of their contents and import, so they may regulate their actions and conduct accordingly. Hence, it is generally recognized that those of a general nature must be published in entirety.

1933 A. G. Op. No. 313, so states, and that publication by caption only is insufficient to comply with the provisions of §4228 GC. The publication by caption would give as much notice and information as that of the instant case, viz., merely where the complete provisions were on file, so that anyone entitled to be informed in detail would be required to go and examine the same as filed with the proper officer of the legislative authority promulgating them. This we do not believe is contemplated by the law of Ohio.

We, therefore, conclude the regulations under consideration here were not promulgated with all the essential requisites for their validity, and the conviction thereunder is consequently hereby set aside.

The judgment of the Court of Common Pleas of Butler County, Ohio, affirming the judgment of the justice of the peace of Hanover Township, is reversed, and judgment is here rendered for the defendant.

ROSS, P. J., & MATTHEWS, J., concur.