Taft, C. J.
The judgment of the Court of Appeals was based upon its conclusion that the County Court did not have jurisdiction over the subject matter of this prosecution. The jurisdiction sections of the Revised Code, which are applicable, are Sections 1531.18 and 2931.02 (R).
So far as pertinent, Section 1531.18 reads:
“Any judge of a County Court * * * has final jurisdiction * * * in a prosecution for violation of any section of the Revised Code or orders of the Wildlife Council relating to the taking, possession, protection, preservation, or propagation of wild animals, and has like jurisdiction in a proceeding for forfeiture of property used in violation of any such law or order. Any violation of any order of the council is unlawful.”
This statute is limited by its terms to orders “relating to the taking, possession, protection, preservation, or propagation of wild animals.” The order involved in the present case does not specifically purport to be so related. However, in view of our conclusion with respect to Section 2931.02, Revised Code, it is not necessary for us to determine whether such a relationship can be implied upon the theory that watercraft congestion in a body of water could affect the animal or plant life therein or thereabouts.
Section 2931.02 reads so far as pertinent:
“* * * Judges of County Courts have jurisdiction within their respective areas of jurisdiction in all cases of violation of any law relating to:
a * * *
“ (R) Offenses arising from or growing out of the violation of conservation laws.”
Section 1531.02, Revised Code, provides in part that “a person doing anything prohibited or neglecting to do anything required by Sections 1531.01 to 1531.26, inclusive, * * * of the Revised Code, or contrary to any council order violates this section. ’ ’
Thus, a violation of a valid order of the Wildlife Council would be a violation of Section 1531.02 (a “conservation law”) *425 and fall within the jurisdiction of the County Court as conferred by Section 2931.02 (R), Revised Code. See State v. Waller (1943), 44 Ohio Law Abs., 591, 69 N. E. (2d), 438, affirmed on other grounds (1944), 143 Ohio St., 409, 55 N. E. (2d), 654.
Since we are of the opinion that the County Court does have jurisdiction over the violation of a valid order of the Wildlife Council, we must consider a question which the Court of Appeals did not find it necessary to consider.
That question is whether the Wildlife Council has the power to issue.an order that can be enforced by criminal prosecution if that order purports to regulate the operation of watercraft or of matters relating thereto.
Most of the statutory provisions with regard to orders of the Wildlife Council specifically recognize that they are to be related to protecting wild animals, including fish. See, for example, Sections 1531.06 (third paragraph), 1531.08, 1531.12 (C), 1531.18 and 1533.99 (J), Revised Code. The only statutory language which might provide a reasonable basis for inferring a legislative intent to confer power on the Wildlife Council to make an order such as involved in the instant case is the second paragraph of Section 1531.06 which reads:
“The council shall make such rules and regulations for protection of state owned or leased lands and waters, and property under its control of the Wildlife Council against wrongful use or occupancy as will insure the carrying out of the intent of this section and to protect such lands, waters, and property from depredations and to preserve the same from molestation, spoliation, destruction or any improper use or occupancy thereof, including authority to make rules and regulations with respect to recreational activities and for the government and use of such lands, waters, and property.”
However, the General Assembly subsequently enacted Section 1547.61, Revised Code, which reads in part:
‘ ‘ The provisions of Chapter 1547 * * * and of other applicable laws of this state govern the operation, equipment, numbering and all other matters relating thereto whenever any watercraft is operated on the waters of this state, conservancy district, or political subdivision of this state, or when any activity regulated by Chapter 1547 * # * takes place thereon; but *426 nothing in Chapter 1547 * * * prevents the adoption of any rules, regulations, or ordmance relating to operation and equipment of vessels the provisions of which are identical to the provisions of Chapter 1547 * * * amendments thereto, or regulations issued thereunder; provided, that such ordinances shall be operative only so long as and to the extent that they continue to be identical to the provisions of Chapter 1547 * * *.
“Any department, * * * or political subdivision of this state may, at any time, but only after public notice published in a newspaper of local circulation, make formal application to the Administrator of the Division of Watercraft for special rules and regulations with reference to the operation of vessels on any waters within its territorial limits and shall set forth therein the reasons which make such special rules or regulations necessary or appropriate.
“The Division of Watercraft may make special rules and regulations with reference to the operation of watercraft on any waters within the territorial limits of any subdivision of this state.
■ “* * *No license * * * in addition to those provided for hereunder shall be required by any state department * * * of this state.” (Emphasis added.)
When Section 1531.06, Revised Code, is read together with Section 1547.61, Revised Code, it is apparent that rules or regulations adopted by the Wildlife Council under the second paragraph of Section 1531.06 cannot amount to valid orders to the extent that they regulate the operation of watercraft or of matters relating thereto, unless such rules or regulations are identical to the statutory provisions in Chapter 1547 of the Revised Code or to regulations issued thereunder or unless they have been promulgated as special rules and regulations in accordance with the procedure set forth in Section 1547.61.
The alleged order of the Wildlife Council involved in the instant case is not so identical and was not so promulgated.
It follows that the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.