[No. 11379. In Bank. — January 25, 1888.]

## THE PEOPLE, RESPONDENT, v. C. J. RUSSELL ET AL., APPELLANTS.

ORDINANCE — PUBLICATION — OMISSION OF ENACTING CLAUSE — COUNTY GOVERNMENT ACT. — Under section 26 of the county government act of March 14, 1883, an ordinance of a board of supervisors of a county does not take effect until it has been published in its entirety, as required by that section; and a publication which omits the enacting clause of the ordinance is insufficient.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The action was brought to recover the amount of a license attempted to be established by an ordinance of the board of supervisors of San Luis Obispo County. Judgment was rendered in favor of the plaintiff. The further facts are stated in the opinion of the court.

J. M. Wilcoxon, for Appellants.

J. N. Turner, for Respondent.

THORNTON J. — The ordinance in this case was published without the enacting clause. By section 26 of the act of March 14, 1883 (Stats. 1883, p. 399), entitled "An act to establish a uniform system of county and township governments," it is provided that the enacting clause of all ordinances of the board of supervisors shall be as follows: "The board of supervisors do ordain as follows." This enacting clause is a part of every ordinance.

The section above referred to also provides: "On the passage of all ordinances, the votes of the several members of the board shall be entered on the minutes, and all ordinances shall be entered at length in the ordinance book. No ordinance passed by the board shall take effect within less than fifteen days after its passage, and before the expiration of the said fifteen days the same

shall be published, with the names of the members voting for and against the same, for at least one week in some newspaper published in the county, if there be one, and if there be none published in the county, then such ordinance shall be posted at the court-house door at least one week."

We are of opinion that the intention of the law-makers in enacting that section of the statute was that the ordinance should not take effect until it was published, and that the publication of the whole ordinance is required, not of a part of it. The publication of the ordinance, as in this case, where the enacting clause was omitted, was not the publication of the whole ordinance, and was not the publication which the law required. The ordinance under consideration, by reason of non-publication, never went into operation, and no licenses could be collected under it.

For these reasons, we are of opinion that the judgment of the court below must be reversed, and the cause remanded, with directions to the court below to enter judgment for the defendants on the findings.

So ordered.

SEARLS, C. J., McKINSTRY, J., TEMPLE, J., PATERSON, J., SHARPSTEIN, J., and McFARLAND, J., concurred.