*412
 
 Turner, J.
 

 The question here presented may be stated as follows: Where a district board of health adopts a regulation and by reference incorporates into such regulation the text of a recommended .ordinance found in a bulletin issued by the United States Public Health Service and advertises the regulation in short form, as adopted, has such regulation been legally .adopted and advertised?
 

 It is provided in Section 1261-16, General Code, that:
 

 ¡ # * * townships and villages in each county shall be combined into a health district and for the purposes •of this act shall be known as and hereinafter referred to as a general health district. * *
 

 Under Section 1261-17, General Code, it is provided that in each general health district there shall be a •district board of health.
 

 Under Section 1261-26, General Code, a district board of health may provide for the inspection of •dairies and may take such steps as are necessary to protect the public health and to prevent disease. Section 1261-42, General Code, provides:
 

 “The board of health of a general health district may make such orders and regulations as it deems necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement or suppression of nuisances. All orders and regulations not for the government of the board, but intended for the general public, shall be .adopted, recorded and certified as are ordinances of municipalities and.record thereof shall be given in all courts of the state the same force and effect as is given such ordinances, but the advertisements of such orders and regulations shall be by publication in one newspaper published and of general circulation within the general health district. * * *”
 

 In 28 Ohio Jurisprudence, 492, Section 297, it is said:
 

 
 *413
 
 “Statutory provisions requiring the publication of ordinances are generally regarded as mandatory, and. a substantial compliance with such provisions is therefore ordinarily essential to the validity of an ordinance. And, by express statutory provision, the fact: that there was no legal publication or posting of an ordinance constitutes a sufficient defense to any suit, or prosecution thereunder.”
 

 In McQuillin, Municipal Corporations (2 Ed.), Revised Volume 2, 817, Section 736, it is said: “The-whole ordinance must be published.” See, also,
 
 Katz
 
 v.
 
 Higson,
 
 113 Conn., 776, 155 A., 507;
 
 People
 
 v.
 
 Russell,
 
 74 Cal., 578, 16 P., 395.
 

 Reference statutes are in general use throughout: the country. 25 Ruling Case Law, 907, Section 160 and supplement; 59 Corpus Juris, 609, Section 165; 37' Ohio Jurisprudence, 338, Section 43
 
 et seq.
 

 The General Assembly has followed the. practice,, but in most instances has limited the incorporation by reference to other sections of the Code. As an example, see Section 5541, General Code. However, in-Section
 
 2293-5a,
 
 General Code (115 Ohio Laws, pt. 2,. 349), the General Assembly incorporated by reference-House Resolution No. 5950 of the 73rd Congress. This, federal act was held unconstitutional by the United. States Supreme Court in the case of
 
 Ashton
 
 v.
 
 Cameron,
 
 298 U. S., 513, 80 L. Ed., 1309, 56 S. Ct., 892, which,, of course, left our statute inoperative. Another illustration is to be found in Sections 5777, 5778 and 5784,. General Code, where reference is made to the United States Pharmacopoeia and other standard reference-works. A prosecution under one of these latter sections was challenged in the case of
 
 State
 
 v.
 
 Emery,
 
 55-Ohio St., 364, 45 N. E., 319. The constitutionality of the legislation‘was not questioned in the court’s opinion. For . a partial list of reference statutes adopted
 
 *414
 
 by tbe General Assembly, see 37 Ohio Jurisprudence, 338, note 4.
 

 In the case of
 
 Heirs of Ludlow
 
 v.
 
 Johnston,
 
 3 Ohio, 553, 17 Am. Dec., 609, Judge Hitchcock said at page 572:
 

 “When in one statute a reference is made to an
 
 existing
 
 law, in prescribing the rule or manner in which a particular thing shall be done, or for the purpose of ascertaining powers with which persons named in the referring statute shall be clothed, the effect, generally,
 
 is not to revive or continue in force the statute referred to,
 
 for the purposes for which it was originally enacted, but merely for the purpose of carrying into execution the statute in which the reference is made.” (Italics ours.)
 

 This language as well as the language of other cases decided prior to our present state Constitution must be read in the light of the language of Section 16 of Article II of the Constitution which provides in part:
 

 “* * * and no law shall be revived, or amended unless the new act contains the entire act revived, or tbe section or sections amended, and the section or sections so amended shall be repealed.”
 

 As said by Judge Robinson in
 
 State, ex rel. Fritz, Pros. Atty.,
 
 v.
 
 Gongwer, Aud.,
 
 114 Ohio St., 642, 649, 151 N. E., 752:
 

 “The effectiveness of legislation by reference has been so generally recognized in Ohio that no very specific declaration appears in the reported cases.” (For a list of cases in which members of this court have discussed briefly reference statutes, see 37 Ohio Jurisprudence, 338, note 5.)
 

 Section 4226, General Code, follows the above-quoted language from Section 16 of Article II of the Constitution and provides as follows:
 

 “No ordinance, resolution or bylaw shall contain more than one subject, which shall be clearly expressed
 
 *415
 
 in its title. No bylaw or ordinance, or section thereof, shall be revived or amended, unless the new bylaw or ordinance contains the entire bylaw or ordinance, or section revived or amended, and the bylaw or ordinance, section or sections so amended shall be repealed. * *’*”
 

 So long as there is no violation of the provision of Section 4226,
 
 supra,
 
 we see no objection to the incorporation by reference in a regulation of a district board of health, of a duly enacted statute or a duly enacted ordinance which has been theretofore properly published.
 

 As said in 37 American Jurisprudence, 786, Section 163:
 

 “There is no objection, however, to an ordinance which, while unintelligible when standing alone, incorporates by reference some statute or other ordinance an examination of which will make the ordinance in question clear and definite.”
 

 There must be a publication of the ordinance in full.
 
 L. A. Thompson Scenic Ry.
 
 v.
 
 McCabe,
 
 211 Mich., 133, 178 N. W., 662;
 
 Village of Durand
 
 v.
 
 Love,
 
 254 Mich., 538, 236 N. W., 855;
 
 City of Newport
 
 v.
 
 Newport National Bank,
 
 148 Ky., 213, 146 S. W., 377;
 
 Wolfe
 
 v.
 
 Abbott,
 
 54 Colo., 531, 131 P., 386.
 

 Exceptions are to be found, however, where the ordinances establish the grades of streets and refer to maps and books on file in the archives of the city. See
 
 City of Napa
 
 v.
 
 Easterby,
 
 76 Cal., 222, 18 P., 253. The same might be said of other ordinances referring to maps, specifications, and other data on file in a public office in respect of the letting of contracts. However, wTe have no such question before us.
 

 While counsel have been unable to find any case wherein a similar question has been decided, our attention is called to the possible analogy to be found in Sections 5777, 5778 and 5784, General Code,
 
 supra,
 
 
 *416
 
 wherein the pharmacopoeia, a national formulary and .standard works on materia medica have been made the bases for determining standards of purity. We think there is a marked difference between such standard works in general circulation and the recommended form of the milk ordinance on file in the board’s office.
 

 The reason for requiring publication of the regulation adopted by a district board of health is to inform the persons within the board’s jurisdiction of the mode .and manner in which conduct is to be regulated. The unabridged form of ordinance contained in the 1939 ■edition of the milk ordinance and code recommended by the United States Public Health Service contains .seventeen pages of closely printed matter with a number of blanks to be filled in.
 

 We are of the opinion that a publication of a regulation of a district board of health which omits the rules of conduct to be observed and merely refers those who may be affected to a copy of the terms ‘ ‘ on file in the office of the board of health” is not a compliance with Section 1261-42, Ueneral Code, and until proper publication has been made such regulation is not effective and no prosecution may be had thereunder. Therefore, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell .and Williams, JJ., concur.