418 P.2d 535

The PEACE FOUNDATION, INC., a New Mexico corporation, Petitioner-Appellee,

v.

The CITY OF ALBUQUERQUE, a municipal corporation, and the City Commission of Albuquerque, New Mexico, and its members, Archie Westfall, Luther Heilman, Emanuel Schifani, Ralph S. Trigg and Sam Brown, Respondents-Appellants.

No. 7917.

Supreme Court of New Mexico.

Sept. 19, 1966.

Rehearing Denied Oct. 14, 1966.

Frank L. Horan, James L. Parmelee, Jr., Harley A. Lanning, Melvyn D. Baron, Frederick M. Mowrer, Albuquerque, for appellants.

Oliver B. Cohen, Albuquerque, for appellee.

OPINION

JOE W. WOOD, Judge, Court of Appeals.

Respondents' appeal raises two issues: (1) evidence to support the finding of the

trial court and (2) authority of the district court in zoning appeals.

There are four tracts of land involved; all were zoned R–1. Petitioners' request that Tract A be rezoned to O–1 was denied by the planning commission. Petitioners requested, and the planning commission recommended, that Tracts B and C be rezoned to C–3. Petitioners requested that Tract D be rezoned C–2. The planning commission recommended that Tract D be rezoned C–2 "under shopping center exemption for motel." In addition, the planning commission recommended that rezoning of Tracts B, C and D. be conditioned upon the filing of a replat.

Petitioners' appeal to the city commission raised the issues of (1) the refusal to rezone Tract A and (2) the condition attached to rezoning Tracts B, C and D. The city commission upheld the decision of the planning commission and denied the appeal.

Petitioners proceeded under § 14–28–16, N.M.S.A.1953, and obtained a court review. The trial court concluded that R–1 zoning was unreasonable and arbitrary as to all four tracts and concluded that respondents had no authority to require a replat as a condition of the zone change. Its judgment, consistent with its findings and conclusions, changed the zoning of Tract A to O–1, and Tracts B, C and D to C–3. · The judgment also enjoined respondents from requiring replats as a condition for rezoning.

Respondents contend there is no evidence to support the finding of the trial court that Tract A cannot reasonably be adapted to R–1 use, and therefore the court was in error in concluding that R–1 zoning as to Tract A is arbitrary. Respondents did not submit requested findings and conclusions. After the trial court entered its decision, respondents moved that the court amend its findings and conclusions. The motion was denied.

Respondents would excuse their failure to request findings and conclusions because of the remarks of the trial court at the completion of the evidence. This is no excuse. Section 21–1–1(52) (B), N.M.S.A.1953, contemplates a written decision by the court. It provides that a party waives specific findings of fact and conclusions of law by failure either to make a general written request therefor or to tender specific findings and conclusions.

The court's oral remarks were not a decision contemplated by the rule. Mirabal v. Robert E. McKee, 74 N.M. 455, 394 P.2d 851. Having failed to request findings and conclusions, respondents cannot obtain a review of the evidence. Edington v. Alba, 74 N.M. 263, 392 P.2d 675; Mercantile National Bank at Dallas v. Moya, 74 N.M. 521, 395 P.2d 241.

Coe v. City of Albuquerque, 76 N. M. 771, 418 P.2d 545 decided this date held that the trial court was without authoriza-

tion to zone, that its review under § 14–28–16, N.M.S.A.1953, was limited to the grounds set forth in Llano, Inc. v. Southern Union Gas Co., 75 N.M. 7, 399 P.2d 646, and that the review was limited to the record presented. The Coe decision is applicable here. Thus, the trial court erred in zoning Tracts A, B, C and D.

Respondents state in their reply brief that they did not appeal the portion of the judgment relating to replats. Thus, they accept the judgment enjoining respondents from requiring replats as a condition to rezoning Tracts B, C and D.

The status of the tracts then is as follows:

TRACT A—The trial court must determine whether respondents' refusal to rezone to O–1 is arbitrary. If not, it must direct respondents to take further action on the zoning request on the basis of the decision that R–1 zoning is arbitrary. If the refusal to zone O–1 is found to be arbitrary, it must direct respondents to take further action on the basis of that decision.

TRACTS B and C—Respondents rezoned these two tracts as C–3, and that zoning is in effect. The condition to C–3 zoning is without effect since respondents accepted the trial court's injunction prohibiting enforcement of the condition.

TRACT D—The trial court's zoning as C–3 is without effect. Respondents' zoning of this tract as C–2 "under shopping center exemption for motel" is in effect. The condition for this zoning is without effect, no appeal having been taken from the judgment enjoining enforcement of the condition.

The cause is remanded to the trial court with instructions to set aside its previous judgment and (1) enter a new judgment giving effect to respondents' rezoning of Tracts B, C and D without the prohibited conditions, (2) give respondents opportunity to amend their return to the writ and (3) from the record then presented decide whether denial of O–1 zoning for Tract A was arbitrary as a matter of law, and, if necessary, conduct further proceedings as to Tract A consistent with this opinion.

It is so ordered.

CARMODY C. J., NOBLE and COMPTON, JJ., and E. T. HENSLEY, Jr., C. J., Ct.App., concur.