418 P.2d 545

**Ralph M. COE and Wilhelmina N. Coe, Petitioners-Appellees,**

**v.**

**The CITY OF ALBUQUERQUE, a Municipal corporation, and the City Commission of Albuquerque, New Mexico, and its members, Archie Westfall, Luther Heilman, Emanuel Schifani, Ralph S. Trigg and Sam Brown, Respondents-Appellants.**

No. 7878.

Supreme Court of New Mexico.

Sept. 19, 1966.

Rehearing Denied Oct. 14, 1966.

Frank L. Horan, James L. Parmelee, Jr., Harley A. Lanning, Melvyn D. Baron, Frederick M. Mowrer, Albuquerque, for appellants.

Oliver B. Cohen, Albuquerque, for appellees.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

Two issues are to be decided: (1) the authority of the district court in zoning appeals and (2) the validity of the trial court's injunction pertaining to building permits.

Petitioners requested that R–1 zoning of their real estate be changed to C–1. The

planning commission refused to recommend C–1, but did recommend R–2 zoning conditioned on a replat. Petitioners' appeal to the city commission raised two questions: (1) the denial of C–1 zoning and (2) the validity of the condition imposed for R–2 zoning. The city commission upheld the decision of the planning commission and denied the appeal.

Petitioners then obtained a writ of certiorari under § 14–28–16, N.M.S.A.1953. At trial, respondents stipulated that R–1 zoning was arbitrary. The trial court's judgment rezoned the tract to C–1. The judgment enjoined requiring a replat of the tract as a condition for either changing the zone maps or issuing building permits to petitioners.

The applicable portion of § 14–28–16, N.M.S.A.1953, reads:

"If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."

The statute does not limit the evidence to be received, and in effect, authorizes a trial de novo. Further, the statute does not limit the decision to be made by the trial court.

There was a similar situation in Continental Oil Co. v. Oil Conservation Com'n, 70 N.M. 310, 373 P.2d 809. The Oil Conservation Commission entered its order after a hearing at which testimony was taken and a record was made. Section 65–3–22 (b), N.M.S.A.1953, provided that an order of the commission could be appealed to the district court. This court stated:

"* * * Insofar as § 65–3–22(b), supra, purports to allow the district court, on appeal from the commission, to consider new evidence, to base its decision on the preponderance of the evidence or to modify the orders of the commission, it is void as an unconstitutional delegation of power, contravening art. III, § 1, of the New Mexico Constitution. * * *"

The reason was:

"* * * Such a procedure inevitably leads to the substitution of the court's discretion for that of the expert administrative body. * * *"

Article III, § 1 of the New Mexico Constitution divides the powers of government into legislative, executive and judicial departments. It provides that persons charged with the exercise of powers belonging to one department shall not exercise any powers properly belonging to either of the other departments unless expressly directed or permitted by the Constitution.

■ The Continental Oil Company case is controlling. Whether zoning is held to be a legislative function as in Ball v. Jones, 272 Ala. 305, 132 So.2d 120, or an administrative function, as in American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission, 379 S.W.2d 450 (Ky.1964), it is a function to be exercised by a department of government other than the judiciary. The trial court cannot substitute its discretion for that of the municipal body.

■ To the extent that § 14–28–16, N.M.S.A.1953, purports to allow the district court to zone land, it is void as an unconstitutional delegation of power to the judiciary, contravening art. III, § 1 of the New Mexico Constitution. The trial court had no authority to rezone the property to C–1.

■ Within the constitutional limits, § 14–28–16, N.M.S.A.1953, is to be given effect. The extent of the trial court's review is set forth in Llano, Inc. v. Southern Union Gas Co., 75 N.M. 7, 399 P.2d 646, where it is stated:

"* * * [T]he questions to be answered by the court are questions of law and are restricted to whether the administrative body acted fraudulently, arbitrarily or capriciously, whether the order was supported by substantial evidence and, generally, whether the action of the administrative body was within the scope of its authority. The district court may not substitute its judgment for that of the administrative body."

■ The petition in this case raised the question of whether the respondents' action was arbitrary. The trial court's review was limited to a determination of whether the respondents acted in an arbitrary manner in failing to rezone to C–1 and in imposing a condition to R–2 zoning. The issue as to arbitrariness in requiring a replat as a condition for R–2 zoning is not before us for decision since that portion of the injunction was not appealed. If the refusal to rezone to C–1 was not arbitrary, then the decision of the municipality is affirmed on that point. If the refusal was arbitrary, then the trial court must direct the respondents to take further action in connection with the zoning request.

■■ Determination of the question of arbitrariness is to be made from the record. Llano, Inc. v. Southern Union Gas Co., supra. Here the record is deficient. Section 14–28–16, N.M.S.A.1953, provides that the return to the writ:

"* * * [S]hall concisely set forth such further facts as may be pertinent or material to show the grounds of the decision appealed from and shall be verified."

The statute thus provides for a record that shows on what grounds the decision was made. The return to the writ shows

recommendations made by the planning department, the decision of the planning commission and the decision of the city commission. There is nothing in the return to the writ to show "the grounds of the decision appealed from."

■ Petitioners assert that if the trial court does not have authority to zone property then they have no practical relief. They point out that there is no dispute that R–1 zoning is arbitrary. Yet, the municipality refused their request to rezone to C–1. This argument fails to consider the action of the planning commission. That body recommended R–2 zoning, conditioned on a replat.

Under Corondoni v. City of Albuquerque, 72 N.M. 422, 384 P.2d 691, this recommendation of the planning commission was a decision which could be appealed to the city commission. The city commission did not reverse this recommendation. See § 14–28–15, N.M.S.A.1953. Instead, it upheld the recommendation.

■ Thus, when the trial court issued its writ, this tract was zoned R–2, conditioned on a replat. Respondents did not appeal that portion of the trial court's judgment enjoining enforcement of the condition. Accordingly, that portion of the injunction is in effect. This results in the tract being presently zoned R–2 with no condition attached to that zoning.

■ The portion of the injunction pertaining to building permits is not within any issue raised by the proceedings, nor was it litigated. Not being within the issues, that part of the injunction pertaining to building permits is erroneous. Crawford v. Holcomb, 57 N.M. 691, 262 P.2d 782.

The judgment of the trial court is reversed. The cause is remanded with instructions to the trial court to set aside its judgment and (1) enter a new judgment enjoining respondents from enforcing the condition to R–2 zoning, (2) give respondents opportunity to amend their return to the writ and (3) from the record then presented decide whether denial of C–1 zoning was arbitrary as a matter of law.

It is so ordered.

CARMODY, C. J., NOBLE and COMPTON, JJ., and E. T. HENSLEY, Jr., C. J., Court of Appeals, concur.