440 P.2d 130

Ralph M. COE and Wilhelmina N. Coe,
Petitioners-Appellants,

v.

The CITY OF ALBUQUERQUE, a municipal
corporation, and the City Commission of
Albuquerque, New Mexico, and its mem-
bers, Archie Westfall, Luther Heilman,
Emanuel Schifani, Ralph S. Trigg and Sam
Brown, Respondents-Appellees.

No. 8512.

Supreme Court of New Mexico.

April 29, 1968.

Oliver B. Cohen, Albuquerque, for peti-
tioners-appellants.

Frank M. Mims, Albuquerque, for re-
spondents-appellees.

OPINION

CHAVEZ, Chief Justice.

This is the second time this cause has
been before this court. In the first ap-
peal, Coe v. City of Albuquerque, 76 N.M.
771, 418 P.2d 545, the judgment of the
trial court was reversed and the cause
remanded with instructions to the trial
court to set aside its judgment and:

"* * * (1) enter a new judgment
enjoining respondents from enforcing the
condition to R-2 zoning, (2) give re-
spondents opportunity to amend their re-
turn to the writ and (3) from the record
then presented decide whether denial of
C-1 zoning was arbitrary as a matter
of law."

The mandate contained the same instruc-
tions to the trial court as those set forth
in the opinion.

Respondents then filed an amended re-
turn to the writ of certiorari, attaching
thereto a full, true and correct transcript
of the proceedings before the City Plan-
ning Commission and the City Commis-
sion of the City of Albuquerque pertaining
to Appeal No. 277 (Z-1353 and S-1294).
The amended return, duly verified, also
set forth the grounds of the decision ap-
pealed from as required by the opinion.

From the record then presented, the trial
court determined that respondents' denial
of C-1 zoning for Tract F, the tract of
land here involved, was not arbitrary as
a matter of law and entered judgment to
that effect, affirming the decision of re-
spondents in denying the appeal of peti-
tioners, and affirming the decision of the
City Planning Commission in denying a
change of zoning from R-1 to C-1. The
judgment on the mandate followed the
directions of the mandate. From this judg-
ment, petitioners took the present appeal.

The sole question presented is whether the trial court properly determined that respondents' denial of change of zoning to C-1 was not arbitrary as a matter of law.

It is unquestioned that the determination of the question of arbitrariness is to be made from the record. Coe v. City of Albuquerque, supra. We also held in the above cited case that the trial court cannot substitute its discretion for that of the municipal body.

Petitioners contend that this court should not consider the grounds of the decision appealed from as set out in respondents' verified amended return to the writ of certiorari. Petitioners feel that the only matters before the City Commission at the time it decided this question were: (1) The recommendation of the City Planning Department that the zone be changed to C-1; (2) a statement by Mr. Vollmar, chairman of the City Planning Commission, that it was unlikely the land would be used for residential development; (3) the consent of the Traffic Engineering Department to the zone change; and (4) a comment by a member of the City Planning Commission that it would be awkward for traffic to get in and out of the site.

We cannot limit our review to only a portion of the record, as suggested by petitioners. We must review the entire record presented to the trial court.

The comments and recommendation of the City Planning Department to the City Planning Commission, with regard to Tract F, are as follows:

"This tract is located between and behind the existing YMCA and the Church of Christ. C-1 zoning is requested for a shopping center which may be satisfactory if sufficient protection can be provided for the R-1 development which sides into the service road along the south side of Indian School Road. This might be accomplished by a P-1 strip along the south side of the tract. The shopping center development plan which has been submitted must be revised in order to observe the existing easements which were maintained when Manzano Street was vacated and bisect the tract approximately in the center.

"Approval of a change to C-1 for Tract F is recommended subject to submission of a revised development plan reflecting the existing easements and subject to provision of 40′ of P-1 along the south side of the tract."

Thus it is clear that the City Planning Department's recommendation of approval of C-1 for Tract F was made, subject to the conditions above set out. These conditions were not met, as petitioners did not submit a revised development plan reflecting the existing easements, nor did they provide 40′ of P-1 (parking) along the south side of the tract.

The minutes of the City Planning Commission dated December 2, 1963, with reference to Tracts B and C, show:

"Mr. Cohen stated this request was being made in order to develop a trailer park and light manufacturing uses north of the freeway and the existing zoning of adjoining land to the north of C-3.

"Mr. Oscar Beasley, representing Mr. Von Rosenberg of 1924 Morningside Drive NE and others, protested the changes because he felt this might be an encroachment of C-3 towards the R-1 area and would allow uses incompatible with residential development to the south.

"Mr. Frank McDermott of 1918 Washington NE opposed the change to C-3 because he felt it would depreciate the value of his property.

"Mr. Paul H. Wright of 1900 Washington NE also opposed the change to C-3.

"Mr. Vollmar stated it was unlikely that this land could be used for residential development and that the land to the south was public land and the rest of the land was owned by the applicant so that it should not affect the home owners protesting this request."

Mr. Vollmar's statement had reference to lands involved in Tracts B and C and not Tract F. With regard to Tract F, the minutes show:

"Mr. Cohen stated that his clients plan to develop a shopping center on this tract.

"Mr. Beasley objected because he felt that such a zone change would probably start a trend toward strip zoning along Indian School Road.

"Mr. Heggem stated he had viewed the property in question and felt that traffic movements in and out of a commercial development on this site would be extremely awkward considering the existing traffic problems in the vicinity of the Indian School Road-San Mateo intersection."

The decision of the City Planning Commission regarding Tract F states:

"BE IT RESOLVED THAT change of zone from R-1 to C-1 for Tract E [sic F] be denied.

"BE IT FURTHER RESOLVED THAT change of zone from R-1 to R-2 for Tract F be recommended to the City Commission for approval.

"Moved by Mr. Heggem (Seconded by Mr. Doolittle) Motion Carried Unanimously."

The City Planning Department made the following additional comment:

"Only the applicant's appeal of the decision of the Planning Commission in denying a zone change to R-3 for Tract A and to C-1 for Tract F and in requiring a replat of the various parcels involved in the zone change is being presented at this time.

"The recommendation of the Planning Commission for approval of various zone changes included the original request and the vacation of Washington Street was based upon a replat submitted in preliminary form by the applicant. Since a final plat has not yet been presented, the recommendation of the Planning Commission on the related zone changes for Tracts B, C, D, E and F and V-455 is not included in this presentation to the City Commission."

It is questionable, to say the least, that the City Planning Department recommended that the zone be changed to C-1.

The minutes of the meeting of the City Commission on January 28, 1964, as shown on page 8 of the transcript, item No. 9, reflect the following:

"Appeal No. 277 Z-1353 S-1294

"Oliver B. Cohen, agent for Peace Foundation, Inc. and Ralph and Wilhelmina Coe, appeals the decision of the City Planning Commission in denying changes of zone from R-1 to C-1 for Tract F and from R-1 to R-3 for portion of Tract A of a proposed replat of the area bounded by Indian School Road NE, Morningside NE, Cutler Avenue NE and San Mateo NE, and further appeals the decision of the Planning Commission in requiring a replat of the above described area.

"(EXHIBIT NO. 9—Material from the City Planning Department with reference to Appeal No. 277, Z-1353, S-1294.)

"A hearing was held by the City Commission concerning Appeal No. 277.

"After the hearing and discussion it was moved by Commissioner Brown and seconded by Commissioner Heilman that Appeal No. 277 be denied and that the decision of the City Planning Commission be supported. Commissioners Schifani, Heilman, Brown, Trigg, and Westfall voting yes. Motion carried."

Thus the record presented to the trial court showed that the City Commission, at the time it decided the appeal from the City Planning Department, had before it the objection of Mr. Beasley, representing Mr. Von Rosenberg and others, the statement of Mr. Heggem, a member of the Planning Commission, as well as the decision of the Planning Commission, that a change of zone from R-1 to C-1 be denied for Tract F, and that a change of zone from R-1 to R-2 for Tract F be recom-

mended to the City Commission for approval.

Based upon the record presented, we hold that the trial court properly decided the denial of C-1 zoning for Tract F was not arbitrary as a matter of law. The extent of the trial court's review, as set out in Llano, Inc. v. Southern Union Gas Company, 75 N.M. 7, 399 P.2d 646, was proper.

It follows that the judgment of the trial court should be affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.