442 P.2d 199

The **PEACE FOUNDATION, INC.,** a New Mexico corporation, Petitioner-Appellant,

v.

The **CITY OF ALBUQUERQUE,** a municipal corporation, and the City Commission of Albuquerque, New Mexico, and its members, **Archie Westfall, Luther Heilman, Emanuel Schifani, Ralph S. Trigg** and **Sam Brown,** Respondents-Appellees.

No. 8522.

Supreme Court of New Mexico.

April 29, 1968.

Rehearing Denied June 24, 1968.

Oliver B. Cohen, Albuquerque, for appellant.

Frank M. Mims, Albuquerque, for appellees.

OPINION

CHAVEZ, Chief Justice.

This is the second appeal in this case. On the first appeal reported in Peace Foundation, Inc. v. City of Albuquerque, 76 N.M. 757, 418 P.2d 535, this court remanded the cause to the trial court with

instructions to set aside its previous judgment and:

"* * * (1) enter a new judgment giving effect to respondents' rezoning of Tracts B, C and D without the prohibited conditions, (2) give respondents opportunity to amend their return to the writ and (3) from the record then presented decide whether denial of O–1 zoning for Tract A was arbitrary as a matter of law, and, if necessary, conduct further proceedings as to Tract A consistent with this opinion."

A mandate containing the above instructions duly issued and a judgment on the mandate was entered, carrying out the instructions of the mandate.

Respondents then filed an amended return to the writ of certiorari, attaching thereto a full, true and correct transcript of the proceedings before the City Planning Commission and the City Commission and also setting out in detail the grounds of the decision appealed from. From the record then presented, the trial court held that the respondents' denial of O–1 zoning for Tract A was not arbitrary as a matter of law and entered judgment accordingly. From this judgment petitioner appealed.

On October 7, 1963, petitioner applied to the City Planning Commission of the City of Albuquerque for a change of zone as to Tracts G and A from R–1 to O–1, stating:

"It is contemplated that this land will be utilized mainly for office and related institutional uses, such as clinics, schools and houses of worship. * * *"

Among the City Planning Department's comments we find the following as to the tract here involved:

"*Tracts A and G:* Due to the possible effect upon residential properties to the south of Indian School Road, and since it is believed that the uses proposed for this portion of the area could be handled as conditional uses in R–1 which would require review of the site plan for any development within the area, it is felt that it would be more satisfactory to leave Tracts A and G zoned R–1. Denial of the requested change to O–1 is recommended."

The minutes of the City Planning Commission of December 2, 1963, show that petitioner's request for change of zone came on for hearing on the above date and that, as to Tracts A and G:

"Mr. Cohen withdrew all of Tract G and the westerly 146 feet of Tract A from the zone change request, and modified the request to R–3 instead of O–1 for the remainder of Tract A, extending from Sunningdale to Washington Street. He stated that the applicants own the land along the south side of Indian School Road directly opposite the subject property and that this tract would be suitable for apartments.

"Mr. McDermoth stated that many of the property owners south of Indian School Road purchased their homes because the land to the north was R–1 and they wish it to remain R–1. Mr. Beasley also protested the change to R–3 and stated that the land can be very appropriately developed as R–1."

The City Planning Commission unanimously denied the requested change of zone from R–1 to R–3. Petitioner then appealed to the City Commission, stating in its amended notice of appeal from the City Planning Commission that:

"The City Planning Commission was in error in denying the requested change of zone from R–1 to R–3 for Tract A of said application (excluding the westerly 146 feet thereof)."

Petitioner's reasons for appeal, as shown by the record, are:

"The City Planning Commission was in error in denying the requested change of zone from R–1 to R–3 for tract A of said application (excluding the westerly 146 feet thereof)."

Petitioner's appeal No. 277 came on for hearing before the Albuquerque City Com-

mission on January 28, 1964. The minutes of the City Commission show the following with reference to this appeal:

"A hearing was held by the City Commission concerning Appeal No. 277.

"After the hearing and discussion it was moved by Commissioner Brown and seconded by Commissioner Heilman that Appeal No. 277 be denied and that the decision of the City Planning Commission be supported. Commissioners Schifani, Heilman, Brown, Trigg, and Westfall voting yes. Motion carried."

Thus, the record shows that the ruling of the City Planning Commission and the decision of the City Commission was to deny a change of zone from R–1 to R–3 for Tract A, and not a denial of change of zone from R–1 to O–1 for said tract.

The original petition for writ of certiorari alleged that on October 7, 1963, petitioner applied to the City Planning Department of the City of Albuquerque for a change of zone for Tract A from R–1 to R–3 (excluding the westerly 146 feet thereof); that this application was docketed as Case No. Z–1353 on the agenda of the City Planning Commission; that said petition was set for hearing on December 2, 1963, and that the City Planning Commission denied a change to R–3 zoning for Tract A; that it appealed such decision to the City Commission, which heard the appeal on January 28, 1964, and:

"That after hearing said appeal, the same was denied by the City Commissioners, and the decision of the City Planning Commission of the City of Albuquerque, New Mexico, was affirmed."

Petitioner prayed that the court declare the refusal of the City Commission to grant the request of zone change on Tract A to be:

"arbitrary, erroneous, illegal, unreasonable, in violation of the purposes of the zoning statute, and the constitutional rights of petitioner, and thus void, and to declare that the comprehensive zon-ing ordinance of the City of Albuquerque, New Mexico, is illegal and unenforceable, or in the alternative that petitioner's request for the zone change from R–1 to R–3 on Tract A be granted, * * *."

Nowhere in the petition is there a request for a change of zone for Tract A from R–1 to O–1. At the first trial, a witness for petitioner did testify that the best use for Tract A would be office use, i. e., O–1 zoning.

The trial court found that Tract A should be zoned O–1 and entered judgment to this effect. This judgment was reversed in Peace Foundation, Inc. v. City of Albuquerque, supra, where we stated that, as in Cole v. City of Albuquerque, 76 N.M. 771, 418 P.2d 545, that:

"* * * the trial court was without authorization to zone, that its review under § 14–28–16, N.M.S.A.1953, was limited to the grounds set forth in Llano, Inc. v. Southern Union Gas Co., 75 N.M. 7, 399 P.2d 646, and that the review was limited to the record presented. * * *"

In Peace Foundation, Inc. v. City of Albuquerque, supra, the status of Tract A is set out as follows:

"TRACT A—The trial court must determine whether respondents' refusal to rezone to O–1 is arbitrary. If not, it must direct respondents to take further action on the zoning request on the basis of the decision that R–1 zoning is arbitrary. If the refusal to zone O–1 is found to be arbitrary, it must direct respondents to take further action on the basis of that decision."

Thus we have a situation, as shown by the record, that respondent City never refused to rezone Tract A to O–1, because petitioner modified its request to R–3 instead of O–1 for Tract A at the meeting of the City Planning Commission on December 2, 1963. As to Tract A, respondents' refusal was to rezone from R–1 to R–3, and not from R–1 to O–1. The situation as above set out could have been

called to this court's attention by a motion for rehearing in the first appeal of this case, but that was not done.

Upon remand in the first case the trial court was directed that:

"* * * (3) from the record then presented decide whether denial of O–1 zoning for Tract A was arbitrary as a matter of law, and, if necessary, conduct further proceedings as to Tract A consistent with this opinion."

In the amended return to the writ of certiorari, in setting out the grounds of the City Commission's decision in denying a change from R–1 to R–3 for Tract A, respondent alleged:

"(a) As shown by the minutes of the meeting of the City Planning Commission on December 2, 1963, Mr. Oliver B. Cohen, attorney for the petitioner, withdrew all of Tract G and the westerly 146 feet of Tract A from the zone change request, and modified the request to R–3 instead of O–1 for the remainder of Tract A, extending from Sunningdale to Washington Street. He stated that the applicants owned the land along the south side of Indian School Road directly opposite the subject property and that this tract would be suitable for apartments.

"(b) Because of the possible adverse effect of R–3 zoning for Tract A upon the value of single-family residential properties to the south of Indian School Road.

"(c) Because Tract A could be satisfactorily developed under R–1 zoning."

It is clear that petitioner modified the request of zone change to R–3 for the remainder of Tract A extending from Sunningdale to Washington Street. The City Planning Commission denied a change of zone from R–1 to R–3 for Tract A. Petitioner then appealed to the City Commission from the City Planning Commission's denial of the requested change of zone from R–1 to R–3 for Tract A. The record shows that the City Commission had be-

fore it Exhibit No. 9, "Material from the City Planning Department with reference to Appeal No. 277," and the minutes of the hearing before the City Planning Commission, and after a hearing and discussion the appeal was denied, thus affirming the decision of the City Planning Commission denying a change of zone from R–1 to R–3 for Tract A.

Petitioner argues that, although the minutes of the City Planning Commission meeting of December 2, 1963, are included in the amended return to the writ, an actual record of said meeting is not included because there was no court reporter present to transcribe the proceedings; that although an oral amendment was made to change the request to R–3 on Tract A instead of O–1 zoning, it fails to show that, after the vote of the City Planning Commission denying the zone change, upon inquiry, the chairman of the City Planning Commission stated a denial of a change of zone to R–3 meant that a change of zone to O–1 would also be denied, since O–1 was a higher category of zoning than R–3 and allowed more uses. Petitioner contends it proceeded to process the appeal on the basis that O–1 zoning had been denied.

The difficulty with the latter part of petitioner's contention is that there is nothing in the minutes of the City Planning Commission, or the record, which supports this argument. The record that the trial court had before it clearly shows petitioner's claim was that the City Planning Commission was in error in denying their requested change of zone from R–1 to R–3 for Tract A of said application (excluding the westerly 146 feet thereof).

The City Planning Commission's minutes also show that it was resolved that the change of zone from R–1 to R–3 for Tract A be denied. The record further shows that petitioner withdrew the westerly 146 feet of Tract A from the request for zone change and modified the request to R–3 instead of O–1 for the remainder of Tract A.

Therefore, since respondents did not deny a change of zone to O–1 for Tract A, the trial court was correct in holding that respondents did not act arbitrarily as a matter of law in denying a change of zone to O–1 on Tract A.

Petitioner's second point is that the trial court erred in failing to remand the case to the City Commission for further action on the zoning request as to Tract A.

As hereinbefore set out, in Peace Foundation, Inc. v. City of Albuquerque, supra, this court stated:

> "The cause is remanded to the trial court wth instructions to set aside its previous judgment and * * * (2) give respondents opportunity to amend their return to the writ and (3) from the record then presented decide whether denial of O–1 zoning for Tract A was arbitrary as a matter of law, and, if necessary, conduct further proceedings as to Tract A consistent with this opinion."

Since respondents never denied O–1 zoning for Tract A, the trial court evidently felt that it was not necessary to conduct further proceedings as to Tract A. At the second trial, these matters were called to the trial court's attention, and since respondents' amended return to the writ and the record attached thereto showed ample support for the denial of petitioner's requested change of zone from R–1 to R–3 for Tract A, the trial court properly decided that, on the record then presented, no further proceedings as to Tract A were necessary and, after deciding that the denial of O–1 zoning was not arbitrary as a matter of law, left Tract A zoned R–1.

We hold that the trial court did not err in refusing to remand the case to the City Commission for further action as to Tract A.

The judgment is affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.