490 P.2d 463

**Eugene F. CINELLI, Plaintiff-Appellant,**

v.

**WHITFIELD TRANSPORTATION, INC., a Delaware Corporation, et al., Defendants-Appellees.**

**No. 9241.**

Supreme Court of New Mexico.

Nov. 8, 1971.

Stanley P. Zuris, Albuquerque, for plaintiff-appellant.

No appearance for defendants-appellees.

OPINION

OMAN, Justice.

Defendant Board of County Commissioners, hereinafter referred to as Board, issued a Special Use Permit under § 13 of the Comprehensive Zoning Ordinance of Bernalillo County. The other defendants were thereby authorized to use a ten-acre tract of land as a truck terminal. This action of the Board was taken over the protest of plaintiff, and he sought relief therefrom in the district court, apparently pursuant to the provisions of § 14–20–7, N.M. S.A.1953 (Repl. Vol. 3, 1968). The district court granted summary judgment in favor of defendants and plaintiff has appealed therefrom. We reverse.

Although the procedures prescribed by § 14–20–7, supra, were not strictly complied with, the district court had before it the entire record in the Office of the Zoning Administrator relative to the application for zone change and the issuance by the Board of the Special Use Permit. It also had before it and considered the pleadings,

the Comprehensive Zoning Ordinance, the Subdivision Ordinance of Bernalillo County, affidavits of the members of the Board, and a counter affidavit by plaintiff.

Since defendants failed to file answer briefs in this court, we have had presented to us only the views and arguments of plaintiff as to the claimed impropriety and illegality of the district court's action in granting the summary judgment. Plaintiff has presented his views under two points relied upon for reversal. The first point is his claim of error on the part of the trial court in holding " * * * that Section 13–B (13) of Bernalillo County Commission Ordinance No. 25 [Comprehensive Zoning Ordinance] authorized the County Commission to permit the use of land for a truck terminal." The substance of his argument under this point is that the issuance of a Special Use Permit for the construction and maintenance of a truck terminal on the ten acres which are located in a C–1 [Commercial] Zone was not authorized by and is contrary to the express provisions of § 13–B (13) of the Comprehensive Zoning Ordinance which provides for the issuance of Special Use Permits for a "Planned Development Area." Regardless of the merits of plaintiff's argument on this point, we predicate our reversal of the summary judgment on other grounds.

Under his second point he claims there were genuine issues of fact to be decided which precluded the trial court from properly granting summary judgment. We agree. We have not overlooked the manner and extent of the review authorized by § 14–20–7, supra. See in this regard Peace Foundation, Inc. v. City of Albuquerque, 79 N.M. 241, 442 P.2d 199 (1968); Coe v. City of Albuquerque, 79 N.M. 92, 440 P.2d 130 (1968).

By his affidavit in opposition to the motion for summary judgment, plaintiff detailed the grounds for his claim of irreparable injury by flooding and diminution of the value of his property unless the Special Use Permit issued by the Board should be declared null and void. The affidavits of the members of the Board controvert in a very general way the claims of the plaintiff. However, in the record of the proceedings before the Board, it expressly appears the Board may have failed and refused to consider the drainage problem and the danger from flooding to which plaintiff's property might be subjected by the development of the truck terminal. Both the Comprehensive Zoning Ordinance and § 14–20–3, N.M.S.A.1953 (Repl. Vol. 3, 1968) list as purposes to be effected by the ordinance the securing of safety "* * * from fire, panic and other dangers" and the facilitation of "* * * adequate provision for * * * water, sewerage * * * and other public requirements."

The district court may not substitute its judgment for that of the Board, but when it was made to appear by the affidavits and other matters in the record that the Board may have improperly failed to consider the matters which it was required to consider in making the zoning change, then a question of fact was presented on the issue of the arbitrariness of the Board in granting the Special Use Permit, and it was improper for the court to grant summary judgment and thereby resolve this issue as a matter of law.

The summary judgment is reversed and the cause remanded with instructions to take whatever action is proper and necessary consistent with this opinion.

It is so ordered.

McMANUS and MONTOYA, JJ., concur.