506 P.2d 348

**C. E. HOPPER, Plaintiff-Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS et al., Defendants-Appellees.**

**No. 999.**

Court of Appeals of New Mexico.

Jan. 5, 1973.

Certiorari Denied Feb. 6, 1973.

Cameron R. Graham, Albuquerque, for plaintiff-appellant.

James L. Brandenburg, Dist. Atty., Vance Mauney, Special Asst. Dist. Atty., Albuquerque, for defendants-appellees.

OPINION

WOOD, Chief Judge.

This appeal concerns the validity of Bernalillo County's zoning ordinance.

Plaintiff owns property subject to the ordinance. He unsuccessfully sought a zoning change before the zoning commission and the county commission. He then brought district court proceedings, see § 14–20–7, N.M.S.A.1953 (Repl.Vol. 3). From an adverse decision in district court, plaintiff appeals. The question of validity is resolved by deciding: (1) the statute which applies to Bernalillo County and (2) the effect of the county failing to follow statutory directions.

*Applicable statute.*

Sections 14–20–1 through 14–20–12, N.M.S.A.1953 (Repl.Vol. 3) pertain to zoning authority of counties and municipalities. Section 14–20–12, supra, deals specifically with county zoning ordinances. The trial court found that, in adopting a zoning ordinance in 1968, Bernalillo County failed to follow § 14–20–12, supra, in several particulars. Because of this noncompliance, plaintiff contends the ordinance is invalid.

Bernalillo County asserts it is not subject to the provisions of § 14–20–12, supra. It contends its authority to adopt zoning ordinances is § 15–36–26, N.M.S.A.1953 (Repl.Vol. 3) and that the statutory procedure to be followed by Bernalillo County

in adopting a zoning ordinance is that of § 15–36–34, N.M.S.A.1953 (Repl.Vol. 3). It claims it substantially complied with § 15–36–34, supra.

A review of legislative history aids in understanding Bernalillo County's position. Municipalities were given authority to adopt zoning regulations by Laws 1927, ch. 27, § 1, and the procedure for such adoption was stated in Laws 1927, ch. 27, § 4. These enactments were compiled as §§ 14–28–9 and 14–28–12, N.M.S.A.1953 (Orig. Vol. 3). In 1959, these sections were amended to include counties. Laws 1959, ch. 271, §§ 1 and 4.

Laws 1961, ch. 21, § 1 enacted § 15–36–26, supra. This section states: "Class A counties are granted the same powers to enact ordinances that are granted to municipalities. . . ." We accept defendant's contention that it is a class A county. The procedural requirements of § 15–36–34, supra, were also enacted in 1961. See Laws 1961, ch. 21, § 9. Bernalillo County asserts the result of the legislative action in 1961 " . . . was to separate Bernalillo County from the general body of counties, in terms of ordinance-making powers, and give Bernalillo County broader authority to promulgate and pass ordinances. . . ."

We agree that § 15–36–26, supra, is a general grant of ordinance adopting authority. If § 15–36–26, supra, is Bernalillo County's enabling authority, then the procedural requirements of § 15–36–34, supra, apply. We assume (but do not decide) that if there had been no specific legislative authority to counties to adopt zoning ordinances, Bernalillo County could have adopted a zoning ordinance under §§ 15–36–26 and 15–36–34, supra. But that is not the situation here. In 1961 there existed specific legislation authorizing counties to adopt zoning regulations. That specific authority, previously referred to, was Laws 1959, ch. 271, § 1, and the procedure was that of Laws 1959, ch. 271, § 4.

Section 15–36–26, supra, has not been changed since 1961. The authority of

counties to adopt zoning regulations (Laws 1959, ch. 271, § 1) has been the subject of subsequent legislation. Laws 1963, ch. 211, § 1 authorized counties to adopt ordinances to enforce their zoning regulations "the same as a municipality." Laws 1963, ch. 211, § 2 imposed specific requirements on counties in adopting such ordinances.

The various specific statutory provisions concerning county zoning were replaced by the enactment of the Municipal Code in 1965. See Laws 1965, ch. 300. This 1965 law declared counties to be zoning districts. Section 14–20–1, supra. It authorized counties to adopt ordinances to carry out their zoning authority "the same as a municipality." Section 14–20–11, supra. It imposed specific requirements on counties in adopting such ordinances. Section 14–20–12, supra.

We do not consider the fact that the provisions of §§ 14–20–1, 14–20–11 and 14–20–12, supra, are the last legislative provisions on the subject of county zoning ordinances. What we do consider is which of the legislative enactments is specific, rather than general, in its authority.

Section 15–36–26, supra, gives Bernalillo County the same power to adopt ordinances as is granted to municipalities. This grant is general, not being limited by subject matter. However, § 14–20–11, supra, is concerned specifically with zoning ordinances; it gives authority to counties to adopt zoning ordinances "the same as a municipality." Thus, there is a specific legislative provision concerning county *authority* to adopt *zoning* ordinances.

As to the *procedures* involved, § 15–36–34, supra, states the procedure to be followed in adopting ordinances pursuant to the general authority of § 15–36–26, supra. However, § 14–20–12, supra, sets forth specific procedural requirements applicable to counties in adopting *zoning* ordinances.

 Here, we have conflicting general and specific statutory provisions which can be applied to Bernalillo County's adoption of a zoning ordinance. Where such a conflict exists, the specific statute is given

effect because it is considered an exception or qualification of the general statute. State v. Thomson, 79 N.M. 748, 449 P.2d 656 (1969) and cases therein cited. Accordingly, the applicable statute is § 14–20–12, supra.

*Failure to follow statutory directions.* Section 14–20–12, supra, states:

"Adoption of county zoning ordinances.—A. Ordinances authorized under section 14–20–11 New Mexico Statutes Annotated, 1953 Compilation, may be proposed by any member of the board of county commissioners but shall not be submitted to the board for final passage until after publication.

"B. A majority of the board members may order publication of a proposed ordinance in a newspaper of general circulation in the county at least once a week for two [2] consecutive weeks prior to the date of the meeting of the board at which the ordinance is to be submitted for final passage. The date of the meeting shall be included in the published notice. The style and form of the ordinance shall be determined by the board.

"C. A proposed ordinance shall be passed only by a majority vote of all the members of the board of county commissioners, and an existing ordinance shall be repealed by the same vote.

"D. The original copy of the ordinance together with the proof of publication and supporting maps shall be filed in a book kept for that purpose and authenticated by the signature of the county clerk. The county clerk shall keep the book together with supporting maps in his office. The text of the ordinance shall be published in a newspaper of general circulation in the county once each week for two [2] consecutive weeks, the last date of publication being not less than fifteen [15] nor more than thirty [30] days prior to the effective date of the ordinance. No ordinance shall take effect until at least fifteen ▉ days after the last date of publication. It is a sufficient defense to any prosecution for violation of an ordinance to show that no publication was made.

"E. Whenever the book of ordinances is introduced as evidence, the Rules of Civil Procedure shall govern."

Sections 14–20–12(A) and (B), supra, provide for publication of a proposed ordinance. The trial court found there had been no publication, but ruled this publication provision was "directory only."

After adoption of the ordinance, § 14–20–12(D), supra, provides for publication of the "text of the ordinance." The trial court found that the entire text of the ordinance was not published; that there was publication of only the first two sections. If the ordinance introduced into evidence is the ordinance adopted in 1968, there are 22 sections in the ordinance.

▉ Provisions respecting the publication of ordinances are mandatory and failure to publish substantially in the manner prescribed by the Legislature has the result that the ordinance was never validly adopted. 5 McQuillin, Municipal Corporations § 16.78 (3rd Ed. 1969 Rev.Vol.); 1 Anderson, American Law of Zoning § 4.13 (1968); Hart v. Bayless Investment & Trading Company, 86 Ariz. 379, 346 P.2d 1101 (1959); Gendron v. Borough of Naugatuck, 21 Conn.Sup. 78, 144 A.2d 818 (1958); People v. Russell, 74 Cal. 578, 16 P. 395 (1888). See also Board of County Com'rs of Sarpy County v. McNally, 168 Neb. 23, 95 N.W.2d 153 (1959) and cases therein cited.

▉ In this case, Bernalillo County failed to adopt a valid zoning ordinance because it did not publish a proposed ordinance as required by §§ 14–20–12(A) and (B), supra, and did not publish the text of the ordinance as required by § 14–20–12(D), supra.

▉ Bernalillo County asserts its noncompliance with legislative directions should have no effect because of another

finding of the trial court. The finding is: "Notwithstanding the lack of strict compliance with section 14–20–12 N.M.S.A.1953 Comp., it was not shown that plaintiff was prejudiced thereby. . . ." The answer is that where mandatory publication requirements are involved, "prejudice" is relevant only on the question of "substantial compliance." 1 Anderson, American Law of Zoning § 4.07 (1968).

■ Here, there is no issue of substantial compliance with the requirements of § 14–20–12, supra. The trial court did not so find, nor could it have properly done so when there was *no* publication as provided by §§ 14–20–12(A) and (B), supra. Bernalillo County does not contend that it substantially complied with § 14–20–12, supra; its claim of substantial compliance is directed to § 15–36–34, supra. Section 15–36–34, supra, does not provide for publication prior to adoption of the ordinance and does not require publication of the text of the ordinance after being adopted. Compliance with § 15–36–34, supra, would not be substantial compliance with the publication requirements of § 14–20–12, supra. Thus, the "substantial compliance" decisions are not applicable. See City of Alamogordo v. McGee, 64 N.M. 253, 327 P.2d 321 (1958); Hughes v. City of Carlsbad, 53 N.M. 150, 203 P.2d 995 (1949).

There being no substantial compliance with the mandatory publication requirements, prejudice to plaintiff is not a relevant consideration in determining the validity of the ordinance.

Because of Bernalillo County's failure to substantially comply with the publication requirements of § 14–20–12, supra, its zoning ordinance has never been validly adopted. With this result, we need not consider additional findings concerning the filing and lack of authentication of the zoning maps. See § 14–20–12(D), supra.

The judgment is reversed; the cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., dissented and filed opinion.

SUTIN, Judge (dissenting).

First, this court does not have appellate jurisdiction of an appeal from a judgment of the district court which determines the validity of a zoning ordinance. Section 16–7–8, N.M.S.A.1953 (Repl. Vol. 4). However, if this court determines it has jurisdiction in a case filed in this court and proceeds to decide the matter, that determination of jurisdiction is final. Section 16–7–10, N.M.S.A.1953 (Repl. Vol. 4).

The transcript of the record states, "In the Supreme Court of the State of New Mexico." It was inadvertently filed in the office of the Clerk of the Court of Appeals.

In my opinion, this case should be transferred to the Supreme Court. The Court of Appeals, constantly, has over 100 cases pending on appeal, and we should not voluntarily assume an additional burden.

The Comprehensive Zoning Ordinance adopted in 1968 is 52 pages in length. The cost of publication of the entire ordinance before and after its passage would be burdensome. Its value to the public in this form would be questionable.

Section 14–20–12(B), N.M.S.A.1953 (Repl. Vol. 3) should be amended to allow the board of county commissioners to publish a summary, not the full text, of the ordinance prior to the date of the meeting of the board with the date of the meeting stated in the notice. The members of the public interested in the Comprehensive Zoning Ordinance would have sufficient time to procure and study it. They would have the privilege of attendance at the meeting held for final passage.

Section 14–20–12(D), N.M.S.A.1953 (Repl. Vol. 3) should be amended to allow publication of a summary of the ordinance before it takes effect.

Second, the publication question was not an issue in this case.

The record shows that plaintiff made application for a change of zoning of two lots from residence to commercial. He wanted the change to expand his commercial activities in order to erect buildings to be rented to small retailers and service agencies. The lots were then used for residence, a warehouse and shop. This commercial use was allowed by the zoning ordinance to continue for an additional 60 years after November, 1968. Four members of the public objected to the application for change.

On August 9, 1971, the application was denied by the Planning Department.

An appeal was taken to the Board of County Commissioners. On September 9, 1971, the application was again denied.

On October 5, 1971, plaintiff, pursuant to § 14–20–7, N.M.S.A.1953 (Repl. Vol. 3), appealed to the district court of Bernalillo County. His petition alleged, in part, that the zoning ordinance was invalid because no supporting maps were filed with the ordinance as required by § 14–20–12(D), supra, and he sought damages based upon negligence.

Plaintiff's petition did not request the trial court to allow a writ of certiorari as required by statute, and none was issued.

Defendants filed a "Reply" to plaintiff's petition. In their answer, defendants did not make a return of the original papers acted on nor certified or sworn copies thereof, nor such further pertinent or material facts necessary to show the grounds of the decision as provided by statute.

A trial was held, testimony taken, findings of fact and conclusions of law made by the trial court, and judgment entered that plaintiff's petition be dismissed with prejudice.

The Supreme Court has already held, (1) that a writ of certiorari must be issued and complied with; (2) the trial court does not have jurisdiction to consider new evidence; (3) the trial court is bound by the record of the prior administrative proceedings; (4) the questions to be answered by the trial court are questions of law and are restricted to whether the defendants acted fraudulently, arbitrarily or capriciously; (5) whether the defendants' order was supported by substantial evidence; and (6) whether the action of the defendants was within the scope of its authority. The district court may not substitute its judgment for that of the board. Coe v. City of Albuquerque, 76 N.M. 771, 418 P.2d 545 (1966); Peace Foundation, Inc. v. City of Albuquerque, 76 N.M. 757, 418 P.2d 535 (1966); Coe v. City of Albuquerque, 79 N.M. 92, 440 P.2d 130 (1968); Peace Foundation, Inc. v. City of Albuquerque, 79 N.M. 241, 442 P.2d 199 (1968). Section 14–28–16, N.M.S.A.1953 (Orig. Vol. 3), since repealed, is the same as § 14–20–7, supra.

No question was raised by plaintiff whether defendants' action was arbitrary. No such finding or conclusion by the trial court was made. The record contains no evidence of arbitrariness. Even though plaintiff's petition stated it was an appeal from the decision made by the defendants, the trial court used it as a civil claim for damages as well as the invalidity of the ordinance.

The rule is well established that where the trial court correctly dismissed the plaintiff's petition but for the wrong reasons, the judgment should be affirmed. Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct.App.1968). In fact, the decision of the trial court will be upheld if it is right for any reason. Scott v. Murphy Corporation, 79 N.M. 697, 448 P.2d 803 (1968).

The decision of the trial court should be affirmed.