544 P.2d 278

**RIDGE PARK HOME OWNERS, William
and Sarah Jane Blackstad, et al.,
Plaintiffs-Appellants,**

v.

**Dennis S. and Patricia J. PENA,
Defendants-Appellees.**

No. 10265.

Supreme Court of New Mexico.

Nov. 17, 1975.

As Amended Dec. 5, 1975.

Branch & Branch, Turner W. Branch, Albuquerque, for plaintiffs-appellants.

Rodey, Dickason, Sloan, Akin & Robb, Gene C. Walton, Albuquerque, for defendants-appellees.

## OPINION

SOSA, Justice.

This is a case involving building and use restrictions in a subdivision and concerns the effect of amending restrictive covenants of that subdivision. Plaintiffs-appellants filed an action in the district court of Bernalillo County to enjoin the construction of a drug store and physician's office on two lots in the Ridge Park Addition subdivision in Albuquerque. The lots in question were subject to residential restrictions of record that forbade such construction.

After granting a preliminary injunction, in a subsequent hearing the district court ruled that the restrictions had been amended·by a vote of the majority of the owners in the Ridge Park Addition, and that such amendment allowed the construction of the drug store and physician's office on the two lots, and found that the objection was moot. From the dismissal of the complaint and their request for a permanent injunction, the plaintiffs appeal.

■ Since the amendment relieved only a small portion of the residential lots from the residential restrictions, changing them to multiple dwelling or commercial, it altered the existing restrictions to less than all of the property in the subdivision. The plaintiffs urge for reversal that the district court erred as a matter of law in upholding such amendment. We agree. This issue being dispositive of the appeal, we do not need to reach the other points raised by the appellants.

■■ Building and use restrictions for the Ridge Park Addition were filed with the county clerk of Bernalillo County on January 18, 1951. The Ridge Park Addition to the city of Albuquerque provided

for both a commercial and a residential area. The restrictions provided that all lots in all blocks would be used for residential, single dwelling purposes, except for blocks 4 and 9 which could be commercial or residential. Subsequent to the filing of the building and use restrictions, the city of Albuquerque zoned the two lots in question, lots 9 and 10 of block 8 (among others) as commercial, although these two lots were covered with the residential restrictive covenants. The general rule is that zoning ordinances if less stringent do not diminish the legal effect of more restrictive private building restrictions, and the rezoning of property for purposes other than residential does not supersede the original plat restrictions so as to prevent the enforcement of such restrictions. *Kosel v. Stone*, 146 Mont. 218, 404 P.2d 894 (1965); 20 Am.Jur.2d Covenants, Conditions, and Restrictions § 277 at 837–41 (1965).

Since the zoning did not abrogate the restrictive covenants, defendants assert that the consent of a majority of the owners of all of the lots in the Ridge Park Addition to the changing of lots 9 and 10 in block 8 from residential to commercial abrogated those covenants with respect to the two lots. The method for amending the restrictive covenants was contained in Provision VI of the restrictions which provided as follows:

1. All protective covenants herein shall apply to and be binding upon all parties to this agreement, and their successors in interest, from the date of recording of this agreement with the County Clerk of Bernalillo County, State of New Mexico, for a period of twenty years and shall run with the land. At the expiration of twenty years said covenants shall be extended automatically for successive ten year periods unless a majority of the then owners of the lots vote to alter or eliminate said covenants.

The twenty year period had expired at the time the vote was taken. Passing by

approximately an 85% majority, the amendment allowed all lots zoned C-1 by the city to be taken out of the residential restrictions and put under the business restrictions section of the subdivision agreement. The dissenting minority consisted mostly of the individuals living near and around the lots subject to the amendment.

The issue is whether the majority (or whatever percentage is required by an agreement) can amend or delete restrictive covenants on fewer than all lots subject thereto. Absent a specific provision in the agreement stating otherwise, we hold that the requisite vote cannot change the applicability of restrictive covenants to a few of the lots; the change must apply to all lots. *Montoya v. Barreras*, 81 N.M. 749, 473 P.2d 363 (1970). Defendants seek to distinguish Montoya supra by pointing out that the subdivision in that case was solely residential whereas Ridge Park is residential and commercial. This argument has little merit. "Restrictions as to the use of land are mutual, reciprocal, equitable easements in the nature of servitudes in favor of owners of other lots within the restricted area, and constitute property rights which run with the land." *Montoya*, 81 N.M. at 751, 473 P.2d at 365. In the instant case the residential restrictions burdened all residential lots; the commercial restrictions burden all commercial lots. The mutuality of restrictive covenants would be destroyed if we were to allow the majority of owners, who might not be adversely affected because of their insulated location in the subdivision, to authorize offensive consequences for the minority by removing or imposing restrictions only on certain lots within the minority's area. Thus, we find that the fact that the Ridge Park Addition was not merely residential, but was residential and commercial, makes no difference. No changes may be made with respect to any one lot without affecting all the others subject to the restrictions.

This cause is remanded to the district court with directions to continue the proceedings consistent with this opinion.

STEPHENSON and MONTOYA, JJ., concur.