(615 P 2d 168)
No. 80-51826-A

FRANKLIN D. MARTIN, *Appellant,* v. UNIFIED SCHOOL DISTRICT NO. 233, MILLERS MUTUAL INSURANCE COMPANY, and KANSAS WORKMEN'S COMPENSATION FUND, *Appellees.*

Opinion filed August 15, 1980.

*Dan L. Smith,* of Oliver, Smith & Oliver, of Overland Park, for the appellant.

*David K. Fromme,* of Weeks, Thomas, Lysaught & Mustain, Chartered, of Overland Park, for the appellees.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

PARKS, J.: This is an appeal from a workmen's compensation proceeding.

The claimant, Franklin Martin, was employed by Unified School District No. 233 as a custodian. It is undisputed that Martin had experienced problems with his lower back since 1966 and had injured it specifically in 1967, 1970 and 1974. The present injury was sustained May 28, 1976, after claimant pulled into the parking lot of the Fairview School and parked his truck. He described the incident as follows:

"And as I started to get out, I unlocked the door, I twisted. And as I started to get out, there was a sudden sharp pain come from my back down the left leg and I caught myself and pulled myself back into the truck, shut the door with a lot of pain and sat there for a few minutes."

Martin left the school and later that day was examined by Dr. MacGee. On June 4, Martin had a disc in his lower back removed surgically.

The examiner and the director both found that the injury arose out of and in the course of Martin's employment. However, on appeal, the district court found that the injury was not compensable. Claimant appeals.

The two phrases, "arising out of" and "in the course of" employment, as used in the workmen's compensation act (K.S.A. 1979 Supp. 44-501), have separate and distinct meanings; they are conjunctive and each condition must exist before compensation is allowable. *Craig v. Electrolux Corporation,* 212 Kan. 75, Syl. ¶ 1, 510 P.2d 138 (1973). Whether an accident arises out of and in the course of the worker's employment depends upon the facts peculiar to the particular case. *Newman v. Bennett,* 212 Kan. 562, Syl. ¶ 3, 512 P.2d 497 (1973). Here there is no serious dispute that the accident occurred in the course of Martin's employment. The sole issue is whether the district court erred in finding that Martin's May 28, 1976, injury did not arise out of his employment.

In *Siebert v. Hoch,* 199 Kan. 299, 303-304, 428 P.2d 825 (1967), our Supreme Court said:

"This court has had occasion many times to consider the phrase 'out of' the employment, and has stated that it points to the cause or origin of the accident and requires some causal connection between the accidental injury and the employment. [Citations omitted.]

"This general rule has been elaborated to the effect that an injury arises 'out of' employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury [citations omitted].

"An injury arises 'out of' employment if it arises out of the nature, conditions, obligations and incidents of the employment [citations omitted]. In *Taber v. Tole Landscape Co.,* 181 Kan. 616, 313 P.2d 290, this court stated the foregoing tests exclude an injury not fairly traceable to the employment and not coming from a hazard to which the workman would have been equally exposed apart from the employment."

Recently, our Supreme Court noted that workplace hazards may be analyzed by use of three general categories of risks: (1) those distinctly associated with the job; (2) risks which are personal to the worker, and (3) the so-called neutral risks which have no particular employment or personal character. *Hensley v. Carl Graham Glass,* 226 Kan. 256, 258, 597 P.2d 641 (1979). Only those risks falling in the first category are universally compensable; personal risks do not arise out of the employment and are not compensable.

Before an injury can be said to arise out of the employment, the risk must be incidental to the work. A risk is incidental to the employment when it belongs to or is connected with what the

workman has to do in fulfilling his duties. *Fisher Body Div., G.M.C. v. Ind. Com.,* 40 Ill. 2d 514, 240 N.E.2d 694 (1968).

In applying these rules, it is clear from the facts presented by this case that the risk involved in claimant's accident was not associated with his employment and cannot be construed as a neutral risk, but must be considered a personal risk. We agree with the respondent's assertion that neither the claimant's vehicle nor the condition of the premises had anything to do with the injury. There were no intervening or contributing causes to the accident except for claimant's own actions in exiting from the truck. Considering the history of claimant's back problems, it is obvious that almost any everyday activity would have a tendency to aggravate his condition, *i.e.,* bending over to tie his shoes, getting up to adjust the television, or exiting from his own truck while on a vacation trip. This is a risk that is personal to the worker and not compensable.

Where, as here, it cannot be said that the circumstances surrounding the claimant's injury exhibit any causal connection to his employment, we hold that the trial court properly concluded that compensation should be denied for the May 28, 1976, injury.

Affirmed.