632 P.2d 345

**Monte R. SINGLETERRY et al.,
Plaintiffs-Appellees,**

v.

**CITY OF ALBUQUERQUE,
Defendant-Appellant.**

No. 13171.

Supreme Court of New Mexico.

April 3, 1981.

William L. Kraemer and Gary Daves, Deputy City Attys., Albuquerque, for defendant-appellant.

Michael L. Danoff, Albuquerque, for plaintiffs-appellees.

## OPINION

FEDERICI, Justice.

Appellees (Singleterrys) own property on which their home is located in the City of Albuquerque. Their deed to the property contains a restrictive covenant requiring them to construct a block wall at least five feet high on their property boundaries with adjoining lots. Singleterrys constructed a wall eight feet high. A City zoning ordinance applicable to this area apparently limits fence or wall heights to eight feet.

Singleterrys built a tennis court in their back yard and then applied for a variance to allow them to build a chainlink fence thirteen feet high along a side boundary of their property for the width of one end of the tennis court. The application was eventually granted, with the City Council allowing a chainlink fence twelve feet high. However, it imposed the conditions that: (1) the fence had to be a clear chainlink fence, and (2) the block wall had to be lowered to a height of forty-two inches. The Commissioners felt this would create a workable compromise for the adjoining landowner, who protested the variance. Singleterrys did not appeal this decision.

About eleven months after the variance was granted, Singleterrys constructed the twelve-foot high chainlink fence, but did not lower the height of the block wall. They subsequently applied for another variance, requesting a twelve-foot high chainlink fence without the condition to lower the height of the wall. The application was denied at all administrative levels. Singleterrys then petitioned for a writ of certiorari to the district court pursuant to Section 3-21-9, N.M.S.A. 1978. The trial court reversed the prior administrative decisions and ordered the City to allow the variance without imposition of the condition to lower the wall. The City appeals. We reverse.

The issues we discuss on appeal follow:

I. Whether the trial court could give any weight to the restrictive covenants in making its decision.

II. Whether the City could properly attach conditions to the variance granted.

III. Whether the trial court correctly found that the City Council had abused its discretion.

I.

### THE TRIAL COURT COULD NOT CONSIDER THE RESTRICTIVE COVENANTS IN MAKING ITS DECISION.

The trial court made the following finding of fact:

22. That Section VI of the purchase agreement with Affiliated Mortgage & Development Company for which the property subject to [sic] in this action states:

It is agreed that the purchaser shall construct block walls on the property lines of each lot that shall have been purchased hereunder and upon which a dwelling has been constructed. Said wall shall be a minimum of five feet.

Based in part upon this finding, the trial court concluded:

3. That the Environmental Planning Commission will not be allowed to interfere with Plaintiffs/Appellants' right to freely contract and have a wall eight feet high as well as a chainlink fence and that further Plaintiffs/Appellants need not reduce the wall to a height of 42 inches but may maintain the wall at its present height of eight feet measured from Plaintiffs/Appellants' side of the property.

█ It is well established that zoning ordinances cannot relieve private property from valid restrictive covenants if the ordinances are less stringent. *Ridge Park Home Owners v. Pena*, 88 N.M. 563, 544 P.2d 278 (1975). However, it is equally well-settled that restrictive covenants do not control a decision on the question of whether a *variance* should be granted by a zoning authority in a *variance proceeding*.

█ Only private parties possess the right to enforce restrictive covenants. *Suess v. Vogelgesang*, 151 Ind.App. 631, 281

N.E.2d 536 (1972); *Whiting v. Seavey,* 159 Me. 61, 188 A.2d 276 (1963); *In Re Michener's Appeal,* 382 Pa. 401, 115 A.2d 367 (1955). *See also* R. M. Anderson, *3 American Law of Zoning 2d* § 18.75 (1977). *But cf. Francis v. Rios,* 350 F.Supp. 1130 (D.V.I. 1972), where the court stated that the Planning Board should confine its discretion in granting exceptions to situations where restrictive covenants do not create a bar.

In *In Re Michener's Appeal, supra,* the court stated:

Zoning laws are enacted under the police power in the interest of public health, safety and welfare; they have no concern whatever with building or use restrictions contained in instruments of title and which are created merely by private contracts. If these applicants were to succeed in obtaining a variance relieving them from the restrictions of the zoning ordinance they would still be subject to the restrictions contained in their deeds, but the enforcement of those restrictions could be sought only in proceedings in equity in which the grantors, their representatives, heirs and assigns, would be the moving parties.

*Id.,* 382 Pa. 401, 115 A.2d at 369.

In *Whiting v. Seavey, supra,* the court was faced with a situation similar to ours here. The court found:

When the condition or terms of a zoning law are repugnant to those contained in the restrictive covenants in a deed of title the remedy for a breach is not through the prescribed procedure of the zoning law but rather by an action based on a breach of covenant.

In the case at bar the appellants do not contend that the Board of Appeals abused its discretion or was in error factually but only that its decision was invalid because of the existence of the restrictive covenants.

The Board of Appeals had the legal right to grant the exception.

*Id.,* 159 Me. 61, 188 A.2d at 280–81.

The logic behind this reasoning is explained in *In Re Michener's Appeal, supra*:

The fact that there were building restrictions in the deeds was wholly irrelevant in the appeal before the court on the question whether a variance should have been granted by the Board under the zoning ordinance. The private parties who alone possessed the right to enforce those restrictions were not before the court. It might be that they would never seek such enforcement, or that for some reason they had waived or lost their right so to do, or that, because of neighborhood changes or because the restriction had ceased to be of advantage to the covenantees, the restriction would no longer have been enforceable. Accordingly it has been uniformly held that any consideration of building restrictions placed upon the property by private contract has no place in proceedings under the zoning laws for a building permit or a variance. (Footnote and citations omitted.)

*Id.,* 382 Pa. 401, 115 A.2d at 370.

Thus, Singleterrys were faced with two choices when the variance was granted: (1) they could elect not to proceed under the variance; or (2) they could proceed under the variance and risk defending a lawsuit for violation of restrictive covenants.

While we think a zoning authority should consider restrictive covenants in a variance proceeding, as was suggested in *Francis v. Rios, supra,* the zoning authority is not bound by restrictive covenants in granting a variance. Here, there is evidence in the record showing that the zoning authority knew of the restrictive covenants, yet determined to impose conditions on the variance which would violate the restrictive covenants. Nonetheless, it was within the Commission's discretion to do so.

It was error for the trial court to give conclusive weight to the restrictive covenants in making its decision.

II.

A ZONING AUTHORITY MAY ATTACH CONDITIONS TO A VARIANCE.

Singleterrys concede that cities have the power to impose reasonable conditions on variances. Such conditions are allowed by statute. Section 3–21–8, N.M.S.A. 1978

(Cum.Supp. 1980), provides that a zoning authority may:

(1) authorize in appropriate cases and subject to appropriate conditions and safeguards, special exceptions to the terms of the zoning ordinance or resolution:

(a) which are not contrary to the public interest;

(b) where, owing to special conditions, a literal enforcement of the zoning ordinance will result in unnecessary hardship; and

(c) so that the spirit of the zoning ordinance is observed and substantial justice done.

In this case, the trial court found that Singleterrys applied for a variance requesting a standard twelve-foot chainlink fence. The variance granted was for an open chainlink fence and there could be no vines or other foliage so as to impair one's aesthetic view. Although the City had at some previous time approved the existent eight-foot high block wall, the condition imposed required this wall to be reduced to a height of forty-two inches.

■ Based upon these facts found by the trial court, the conditions imposed meet the criteria set forth in Section 3–21–8. Singleterrys do not attack this. Rather, they argue that conditions imposed cannot require illegal conduct. *Gerla v. City of Tacoma*, 12 Wash.App. 883, 533 P.2d 416 (1975). We agree. However, we have not been directed to any law making it illegal to reduce a wall height to forty-two inches. Even if such conduct were illegal, Singleterrys were not required to comply with the variance. They could have done nothing at all.

The conditions imposed by the Environmental Planning Commission here were within the standards set forth in Section 3–21–8, and could be properly imposed.

### III.

### THE ZONING AUTHORITY DID NOT ABUSE ITS DISCRETION.

The standard of the district court's review of the zoning authority's decision is explained in *Llano, Inc. v. Southern Union Gas Co.*, 75 N.M. 7, 11, 399 P.2d 646, 649 (1964), quoted with approval in *Coe v. City of Albuquerque*, 76 N.M. 771, 774, 418 P.2d 545–48 (1966):

[T]he questions to be answered by the court are questions of law and are restricted to whether the administrative body acted fraudulently, arbitrarily or capriciously, whether the order was supported by substantial evidence and, generally, whether the action of the administrative body was within the scope of its authority. The district court may not substitute its judgment for that of the administrative body.

■ It does not matter what the judgment of the trial court would have been when presented with a request for a variance. So long as the zoning authority's decision was not fraudulent, arbitrary or capricious, it must stand. *Coe v. City of Albuquerque, supra.*

■ While the trial court could consider the restrictive covenants involved here, there is no other evidence found by the trial court to constitute arbitrary or capricious conduct by the zoning authority. Violation of restrictive covenants alone is not a sufficient basis for finding an abuse of discretion in a variance proceeding. Apparently the trial judge was of the view that in variance proceedings the zoning authority could not impose conditions which conflict with the restrictive covenants.

We have considered other issues raised on appeal and deem it unnecessary to address them in light of our disposition of the issues above.

The trial court is reversed. Judgment should be entered sustaining the decision of the zoning authority in this matter.

IT IS SO ORDERED.

EASLEY, C.J., and RIORDAN, J., concur.