234 Kan. 975 (1984)
678 P.2d 162
THOMAS J. BLANK, Plaintiff,
v.
MOHINDER P. CHAWLA, Appellee,
v.
BOEING MILITARY AIRPLANE COMPANY, AND AETNA CASUALTY AND SURETY COMPANY, Intervenors-Appellants.
No. 55,606
Supreme Court of Kansas.
Opinion filed February 18, 1984.
Frederick L. Haag, of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause and was on the brief for the appellants. Jerry L. Griffith, of Derby, was with him on the brief as attorney for the plaintiff.
Kurt A. Harper, of Sherwood & Hensley, of Wichita, argued the cause and was on the brief for the appellee.
The opinion of the court was delivered by
LOCKETT, J.:
Thomas Blank, the plaintiff, brought this action against Mohinder P. Chawla on January 20, 1982, after he was struck by an automobile operated by Chawla, a fellow employee, as he was walking in the Boeing parking lot. Boeing, the employer, *976 through its insurer, paid workers' compensation benefits to the plaintiff and intervened in the present action to protect and enforce its subrogation rights pursuant to K.S.A. 1983 Supp. 44-504(b). Boeing, as intervenor, appealed the trial court's granting summary judgment in favor of defendant based on the exclusivity of workers' compensation as the sole remedy for the plaintiff.
The trial court, prior to granting Chawla's motion for summary judgment, made the following findings of fact and conclusions of law:
"Findings of Fact
"1. On or about May 8, 1980, plaintiff and defendant were involved in an incident giving rise to this action.
"2. Said event occurred in the Boeing Military Aircraft Corporation parking lot `P'.
"3. Plaintiff was, and is now, an employee of Boeing Military Aircraft Corporation.
"4. Plaintiff has received workers' compensation benefits as a result of said incident.
"5. Defendant was an employee of Boeing on or about May 8, 1980.
"6. Both plaintiff and defendant were leaving work at the time of the event giving rise to this action.
"7. The Boeing parking lot is on the premises of Boeing Military Aircraft Corporation.
"Conclusions of Law
"1. By operation of K.S.A. 44-508, both plaintiff and defendant were employed by Boeing for purposes of the Workers' Compensation Act. K.S.A. 44-508(f) provides, in relevant part, that:
"`An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer.'
"2. Plaintiff's injuries, if any, arise out of and in the course of employment.
"3. Compensation is payable under the Workers' Compensation Act.
"4. If defendant Mohinder P. Chawla had received personal injuries in the subject incident, he would have been entitled to collect workers' compensation benefits therefor.
"5. In light of conclusion no. 4, defendant is a person `in the same [employ]', as plaintiff, and K.S.A. 44-504(a) therefore provides immunity to defendant.
"6. Immunity is further provided pursuant to K.S.A. 44-501, which provides, in relevant part:
"`Except as provided in the Workmen's Compensation Act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder.'
"7. Defendant is, therefore, by operation of the Workers' Compensation Act, immune from liability. Defendant's Motion should be, and the same hereby is, sustained on this ground.

*977 "8. The Court therefore need not rule concerning the statute of limitations issue raised in defendant's Motion."
Chawla contends the intervenor, Boeing, lacks the statutory authority to appeal from the summary judgment granted against Blank, the plaintiff. Blank filed a negligence action against his fellow employee, Chawla. Boeing filed a motion and petition to intervene to protect its right of subrogation. K.S.A. 1983 Supp. 44-504(b) provides in part:
"In the event of recovery from such other person by the injured worker ... by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien."
The intervening employer's right to subrogation creates only a limited right as to active participation in the trial. In Gorrell v. Kansas Power & Light Co., 189 Kan. 374, 369 P.2d 342 (1962), a worker received workers' compensation from his employer and then brought a negligence action against a negligent third party, Kansas Power & Light Company. The insurance carrier of the worker's employer was permitted to intervene in the action pursuant to 44-504. Over objections of both plaintiff and defendant, the intervenor was allowed to participate in the trial. We held it was error for the trial court to permit the insurance carrier actively to participate in the trial. Where a worker has filed his action within one year after injury, before an assignment of the cause of action could occur pursuant to 44-504, his employer, as intervenor, cannot actively participate in the trial except when requested by the worker.
K.S.A. 1983 Supp. 44-504 provides that Blank, the injured worker, must prosecute his action against the third party within one year from the date of injury. Failure on the part of Blank to bring the action within the one-year period operates as an assignment to the employer of any action in tort which the injured worker may have against any other party for the injury. The employer is allowed to prosecute and actively try the action in its employee's name when the employee fails to bring the action within the one-year period.
Here the question is whether the employer, after properly intervening to protect its right of subrogation, has a right to *978 appeal an order granting summary judgment adverse to the employer's injured worker. Ordinarily a party cannot appeal from a judgment unless it has a particular interest therein and is aggrieved or prejudiced thereby. Ordinarily its interest must be immediate and pecuniary. McLeod v. Palmer, 96 Kan. 159, 150 Pac. 535 (1915). Appeals are not for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant. Anderson v. Carder, 159 Kan. 1, 4, 150 P.2d 754 (1944).
In 4 C.J.S., Appeal & Error § 186, pp. 572-73, it is stated:
"One who has been allowed by order of the court to intervene in a cause, or who has been treated as a party thereto, may appeal from a judgment, order, or decree therein affecting his interests. Although the judgment does not refer to them in terms, if it amounts to a finding adverse to them, persons who have been allowed to intervene may appeal. The right of appeal will be denied, however, where the intervener lacks the requisite interest or prejudice."
See 4 Am.Jur.2d, Appeal & Error § 175.
In Smith v. Henger, dba Henger Const. Co., 148 Tex. 456, 226 S.W.2d 425 (1950), the Supreme Court of Texas stated the employer's workers' compensation insurer which intervened in an action to protect its subrogation rights could appeal an adverse decision even if the employee/plaintiff failed to appeal.
Where an employer is given the right to intervene or prosecute an action under K.S.A. 1983 Supp. 44-504 to protect its subrogation rights, the intervening employer can appeal an adverse decision where the employee/plaintiff fails to appeal. Here the intervening employer had the right to appeal the adverse decision against its employee/plaintiff.
Boeing contends the trial court erred in ruling as a matter of law the uncontroverted facts were sufficient to sustain a motion for summary judgment.
Summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact remaining, leaving the moving party entitled to a judgment as a matter of law. Panhandle Agri-Service, Inc. v. Becker, 231 Kan. 291, 295, 644 P.2d 413 (1982). In considering a motion for summary judgment, the party against whom the motion is directed is entitled to the benefit of all reasonable inferences and doubts which may be drawn from the facts under *979 consideration. Farmers State Bank & Trust Co. of Hays v. City of Yates Center, 229 Kan. 330, 341-42, 624 P.2d 971 (1981).
It is undisputed that Blank and Chawla were each employees of Boeing. Both were leaving work at the time the accident occurred in the employer's parking lot; the automobile driven by Chawla struck Blank as he was walking through the parking lot to his car. All parties agreed that Blank was entitled to workers' compensation benefits under the Act.
Boeing claims that since both Blank and Chawla were leaving work at the time of the accident, there can be no contention as a matter of law defendant was acting (1) as an employee, and (2) in the course of his employment when his vehicle struck Blank. There is no doubt that Chawla was employed by Boeing. Injuries that occur to an employee while the worker is on the way to assume the duties of employment or after leaving such duties, and the proximate cause of the injury is not the employer's negligence, are not included in the Workmen's Compensation Act. But an employee shall not be considered as being on the way to assume the duties or having left such duties at a time when the worker is on the premises of the employer. K.S.A. 1983 Supp. 44-508(f).
If Chawla, the defendant, had been injured in the car/pedestrian accident, would he have been covered by workers' compensation? In Teague v. Boeing Airplane Co., 181 Kan. 434, 312 P.2d 220 (1957), an employee of Boeing arrived at work and parked her car in the company parking lot. Walking from her car to the building, she slipped and fell on icy blacktop. The court ruled the injury was incidental to the worker's employment and there was a causal connection between her employment and the injury she sustained, and that she was entitled to compensation under the Act.
In Martin v. U.S.D. No. 233, 5 Kan. App.2d 298, 615 P.2d 168 (1980), a worker arrived in his employer's parking lot and as he started to get out of his truck, he hurt his back. He had experienced problems with his back in the past. The Court of Appeals determined the injury was not compensable under the Act. The court stated the condition of the premises had nothing to do with the injury and there was no causal connection between the injury and the employment. The court determined the risk was a personal one. See Hensley v. Carl Graham Glass, 226 Kan. 256, 597 P.2d 641 (1979).
*980 Here, unlike Martin, there was a causal connection between Blank's injury and the employment. If Chawla had been injured in the accident, there would have been the same causal connection between his injuries and employment as Blank's. Therefore, summary judgment was appropriate if Chawla was immune from civil liability under the Workmen's Compensation Act as a fellow employee.
Chawla contends that summary judgment in the negligence action was proper on the ground that plaintiff's claim was barred by the exclusive remedy provision of the Workmen's Compensation Act. K.S.A. 44-501 provides in part:
"Except as provided in the workmen's compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder."
K.S.A. 1983 Supp. 44-504(a) provides:
"When the injury or death for which compensation is payable under the workmen's compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured worker or the worker's dependents or personal representatives shall have the right to take compensation under the workmen's compensation act and pursue a remedy by proper action in a court of competent jurisdiction against such other person."
In Rajala v. Doresky, 233 Kan. 440, 661 P.2d 1251 (1983), Rajala was injured when struck by a fellow employee, Doresky. Rajala commenced a civil damage action against Doresky. The trial court entered summary judgment in favor of defendant on the basis plaintiff's exclusive remedy was under the Workmen's Compensation Act. The Kansas Legislature had determined the better public policy was to preclude a person from maintaining a civil damage action against a fellow employee for any injury for which compensation is recoverable under the Act. Doresky was immune from civil liability as a fellow employee under K.S.A. 44-501.
In Wells v. Anderson, 8 Kan. App.2d 431, 659 P.2d 833 (1983), Wells was injured by Anderson, a fellow employee at a service station. Wells was injured by Anderson while Anderson was servicing his personal vehicle in violation of his employer's orders. The Court of Appeals reversed the trial court sustaining Anderson's motion for summary judgment, finding there was a *981 question of fact as to whether the employer prohibited employees to work on their own vehicles during working hours or not. In a well-reasoned opinion, Judge Spencer wrote:
"Defendant argues his status as a co-employee with plaintiff conclusively bars the action under a literal interpretation of the statutes. Plaintiff argues the exclusive remedy provision does not apply because defendant was not acting within the course and scope of his employment at the time of the accident.
"The exclusive remedy provision was applied in Fugit, Administratrix v. United Beechcraft, Inc., 222 Kan. 312, 314, 564 P.2d 521 (1977), where it was stated:
"`K.S.A. 44-501, commonly referred to as the exclusive remedy provision of the workmen's compensation act, provides that no employer or other employee of such employer shall be liable for any injury for which compensation is recoverable under the workmen's compensation act. Under this statute the well established rule is that if a workman can recover benefits from an employer under the workmen's compensation act for an injury, he cannot maintain a common-law action against that employer for damages based on a theory of negligence.... This exclusive remedy provision also bars a common-law action against another employee of such an employer.'
"In Fugit, however, the individual defendant, a test pilot employed by Beechcraft, was clearly acting within the course and scope of his employment.
"Literally interpreted, the exclusive remedy provision would bar all suits against co-employees for injuries compensable under the Act. This literal interpretation is too broad. In Helmic v. Paine, 369 Mich. 114, 119 N.W.2d 574 (1963), the court construed a similar statute and rejected a literal interpretation under which mere co-employee status would serve as a bar to liability, noting:
"`Suppose one employee is engaged in his employer's business at some distance from his employer's premises; if he is injured by a co-employee who is on vacation, could it be seriously contested that a tort action could not be maintained? The legislature intended no such result.' 369 Mich. at 119.
"It is a general rule that statutes should be construed to avoid unreasonable results. Williams v. Board of Education, 198 Kan. 115, 125, 422 P.2d 874 (1967). We conclude that mere co-employee status is not sufficient for immunity. There must be some connection between the defendant's acts and his employment for immunity to attach.
"Other jurisdictions have developed different tests for co-employee immunity. See 2A Larson, Workmen's Compensation Law § 72.23; Annot., 21 A.L.R.3d 845. Several states have held that a negligent co-employee is immune only if the employer would have been liable under the doctrine of respondeat superior. See, e.g., Molino v. Asher, 95 Nev. 33, 588 P.2d 1033 (1979); Ward v. Wright, 490 S.W.2d 223 (Tex. Civ. App. 1973).
"Other states have adopted a test based on principles of workmen's compensation law. See 2A Larson, Workmen's Compensation Law § 72.23. The trial court adopted this test, citing Konitch v. Hartung, 81 N.J. Super. 376, 195 A.2d 649 (1963). In Konitch, the plaintiff was injured in the company parking lot by defendant, who had just arrived at work. The New Jersey statute provided:
"`"If an injury or death is compensable under this article, a person shall not be *982 liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong."' 81 N.J. Super. at 378. "That court held co-employees acting in the course of their employment are immune.
"In Jackson v. Hutchinson, 453 S.W.2d 269 (Ky. 1970), the defendant co-employee injured the plaintiff on the company parking lot. There it was held that the `test of fellow-employee immunity is whether each of the employees involved would have been entitled to workmen's compensation benefits for any disabling injury suffered in the accident.' 453 S.W.2d at 270. Considered in this manner, a co-employee is immune only if the accident arose out of and in the course of his employment. See Helmic v. Paine, 369 Mich. 114; DeLong v. Miller, 285 Pa. Super. 120, 426 A.2d 1171 (1981).
"We believe the better test is that a co-employee is immune only if he would have been entitled to receive compensation had he been injured in the same accident. Under this test, summary judgment was not proper for judgment should not have been granted unless the record revealed there were no genuine issues of material fact remaining. Mitchelson v. Travelers Ins. Co., 229 Kan. 567, 629 P.2d 143 (1981). See also Ebert v. Mussett, 214 Kan. 62, 519 P.2d 687 (1974)." 8 Kan. App.2d at 432-34.
Here, had Chawla been injured in the same accident, under the same circumstances, he would have been entitled to recover under the Workmen's Compensation Act. In an action for damages by an injured party against his co-employee in which the exclusive remedy provision of the Workmen's Compensation Act is asserted as a defense, it is held: (1) a co-employee is immune only if he or she would have been entitled to receive workers' compensation had she or he been injured in the same accident; and (2) since no genuine issues of material fact remained to be resolved, the trial court did not err in granting summary judgment.
The appellee argues this was a frivolous appeal and he should be awarded the cost of reproducing his brief and attorney fees pursuant to Supreme Court Rule 7.07 (230 Kan. lxii). A frivolous appeal has been defined as:
"One in which no justiciable question has been presented and appeal is readily recognized as devoid of merit in that there is little prospect that it can ever succeed." Black's Law Dictionary 601 (5th ed. 1979).
Considering the uncertain state of the law, the appeal was not frivolous.
The judgment is affirmed.