10 Kan. App. 2d 235 (1985)
697 P.2d 69
JAMES A. McDONALD and BETTY A. McDONALD, Plaintiffs-Appellees/Cross-Appellants,
v.
EMPORIA-LYON COUNTY JOINT BOARD OF ZONING APPEALS and THE CITY OF EMPORIA, KANSAS, a municipal corporation, Defendants-Appellees, and BENEDICT J. JANACEK and VIRGINIA L. JANACEK, Defendants-Appellants/Cross-Appellees.
No. 56,592
Court of Appeals of Kansas.
Opinion filed March 21, 1985.
Michael G. Patton, of Patton & Davis, Chartered, of Emporia, for the appellants/cross-appellees Benedict J. Janacek and Virginia L. Janacek.
Dale W. Bell, of Guy, Helbert, Bell & Smith, Chartered, of Emporia, for the appellees Emporia-Lyon County Joint Board of Zoning Appeals and The City of Emporia, Kansas.
Merlin G. Wheeler, of Perkins, Hollembeak & Wheeler, Chartered, of Emporia, for the appellees/cross-appellants James A. McDonald and Betty A. McDonald.
Before FOTH, C.J., SWINEHART and BRISCOE, JJ.
Petition for review denied 237 Kan. 887.
SWINEHART, J.:
This appeal arises from a dispute between neighbors concerning the location of a garage.
James A. and Betty A. McDonald, plaintiffs, own and reside upon a lot in the Westridge Addition of Emporia. Benedict J. and Virginia L. Janacek, defendants, own a lot in that same addition. Prior to beginning construction on their lot, the Janaceks had actual notice of the City's 30-foot setback requirement and constructive notice of a restrictive covenant's 30-foot setback requirement and advised their builder thereof. Mr. Janacek and his builder assumed the thirty feet were to be measured from the *236 street curb which they thought was set out on the plat. The line set out on the plat is actually the property line and not the street curb line. As a result, the foundation of the Janaceks' garage encroached upon the 30-foot setback requirement by over seven feet.
Upon discovering the violation, the Janaceks applied for a variance from the City's setback requirements. A hearing was held before the Emporia-Lyon County Joint Board of Zoning Appeals (the Board) at which the Board noted its lack of jurisdiction over restrictive covenants, but granted the Janaceks a 7'3" variance from the City's 30-foot setback requirement.
The next day the Janaceks continued construction of the garage. The McDonalds subsequently filed a petition seeking to set aside the Board's decision, and to obtain an injunction requiring the Janaceks to remove the portion of the garage which violated the restrictive covenant.
The trial court found a violation of the restrictive covenant setback provision, granted the McDonalds' motion for summary judgment, and ordered the Janaceks to remove the offending portion of their garage. The Janaceks now appeal that decision. The trial court also granted the Board's motion for summary judgment against the McDonalds after finding that the Board acted "lawfully and reasonably" in granting the Janaceks a variance. The McDonalds appeal that decision.
The Janaceks first argue that the district court erred in granting the McDonalds' motion for summary judgment, claiming that the variance in the setback by the Board also changes the setback in the restrictive covenant.
A motion for summary judgment under the provisions of K.S.A. 60-256(c) is to be sustained only where the record conclusively shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Busch v. City of Augusta, 9 Kan. App.2d 119, 122-23, 674 P.2d 1054 (1984).
The Janaceks knew of the restrictive covenants and of the 30-foot setback requirement prior to the construction of their garage. The Janaceks do not dispute that prior to their obtaining a variance from the Board, they were in violation of both the City's setback requirement and the restrictive covenant in issue. No genuine issue of material fact remains. Rather, the sole *237 question is one of law: whether a setback variance granted by the proper municipal authorities has any effect upon a setback established in a restrictive covenant.
Research has revealed no Kansas case on point. However, it is generally recognized that:
"Restrictive covenants do not supersede or in any way affect the requirements of an already existing zoning ordinance, and, conversely, a zoning ordinance cannot destroy, impair, abrogate, or enlarge the force and effect of an existing restrictive covenant. Zoning ordinances, if less restrictive, do not diminish the legal effect of private restrictive covenants." 82 Am.Jur.2d, Zoning and Planning § 4.
20 Am.Jur.2d, Covenants, Conditions, etc. § 277. Hines Corp. v. City of Albuquerque, 95 N.M. 311, 621 P.2d 1116 (1980). Restrictive covenants "are a matter of contract creating rights in the nature of servitudes or easements, whereas zoning regulations constitute a governmental exercise of the police power and must bear a substantial relation to the public health, safety, morals, or general welfare." 82 Am.Jur.2d, Zoning and Planning § 4.
The relation between zoning ordinances and restrictive covenants was examined in Singleterry v. City of Albuquerque, 96 N.M. 468, 470-71, 632 P.2d 345 (1981), which stated:
"It is well established that zoning ordinances cannot relieve private property from valid restrictive covenants if the ordinances are less stringent. Ridge Park Home Owners v. Pena, 88 N.M. 563, 544 P.2d 278 (1975)....
....
"In In Re Michener's Appeal, [382 Pa. 401, 115 A.2d 367 (1955)] the court stated:
"`Zoning laws are enacted under the police power in the interest of public health, safety and welfare; they have no concern whatever with building or use restrictions contained in instruments of title and which are created merely by private contracts. If these applicants were to succeed in obtaining a variance relieving them from the restrictions of the zoning ordinance they would still be subject to the restrictions contained in their deeds, but the enforcement of those restrictions could be sought only in proceedings in equity in which the grantors, their representatives, heirs and assigns, would be the moving parties.' [Michener's], 382 Pa. 401, 115 A.2d at 369." (Emphasis supplied.)
One Ohio case examined the issue under factual circumstances similar to those present before this court. In Myers v. Smith, 112 Ohio App. 169, 171 N.E.2d 744 (1960), Mr. Smith wished to construct an attached garage which would be within one foot of the side lot line. A restrictive covenant applicable to the property established a five-foot side setback restriction.
*238 Mr. Smith received a variance from the City's three-foot setback from the Cuyahoga Falls, Ohio, zoning authority. The Ohio Court of Appeals stated:
"The fact that Smith received permission from the city zoning authorities for a variance of the three-foot setback from a lot side line is not controlling in the face of a valid building restriction contained in an allotment plan. The zoning authority has no power to change or vary covenants running with the land if the covenants are otherwise valid." (Emphasis supplied.) Myers v. Smith, 112 Ohio App. at 171.
Accordingly, the court granted an injunction requiring Mr. Smith to remove the encroaching section of the garage.
We find the reasoning expressed in the above-cited cases to be persuasive. We uphold the trial court's conclusion that the grant of the variance had no effect upon the restrictive covenant and affirm its grant of summary judgment.
The Janaceks' final argument on appeal is that the trial court abused its discretion in ordering them to remove the portion of the garage which encroached into the 30-foot setback.
"`Whether injunctive relief will be granted to restrain the violation of a restrictive covenant is a matter within the sound discretion of the trial court and is to be determined in light of all the facts and circumstances. Absent manifest abuse of that discretion, the appellate court will not interfere.' McColm v. Stegman, 3 Kan. App.2d 416, Syl. ¶ 1 [596 P.2d 167 (1979)]." Schartz v. D R B & M Real Estate Partnership, 5 Kan. App.2d 625, 627-28, 621 P.2d 1024, rev. denied 229 Kan. 671 (1981).
We have examined each of the specific claims raised by the Janaceks but find no affirmative showing of abuse of discretion. The trial court's remedy was not inequitable.
The third argument on appeal is raised by the McDonalds, who claim the trial court erred in upholding the decision of the Board in granting a variance to the Janaceks. We find it unnecessary to address this issue in light of our previous finding that the restrictive covenants remain in effect despite the Board's granting of a variance. Our determination of whether the variance was properly or improperly granted will have no practical effect upon the outcome of the case. See Blank v. Chawla, 234 Kan. 975, 678 P.2d 162 (1984); Reeves v. Board of Johnson County Comm'rs, 226 Kan. 397, 602 P.2d 93 (1979). We determine this issue to be moot.
Affirmed.