THOMPSON, Judge.
The employer, Strategic Marketing Systems, and its workers’ compensation carrier, Cigna Insurance Companies, Inc., appeal an order finding that claimant was injured in a compensable accident arising out of and in the course of his employment. We reverse.
Claimant was employed as a telemarketing representative by the employer. His job duties required him to be seated at an armless swivel chair before a computer terminal, but he was not precluded from moving about at will. On May 6, 1988, claimant arrived at work and sat down in his chair, crossing his left leg underneath him. After approximately five minutes he decided to change position and when he started to get up his left knee popped and locked. Claimant did not fall or strike his knee in any way, and he denied any previous history of knee problems. He was diagnosed as having suffered a torn meniscus of the left knee. Claimant sustained a temporary re-injury of the same knee September 6, 1988, when he fell off a platform at work.
The judge of compensation claims (JCC), notwithstanding obvious reservations, found both accidents compensable in reliance upon Distinctive Builders of Panama City, Inc. v. Walker, 518 So.2d 1351 (Fla. 1st DCA 1988). We believe the instant case is distinguishable. In Walker the claimant sustained a disabling injury as the result of an internal traumatic event which occurred when the claimant, while seated at his office desk, turned to reach for a set of blueprints pigeonholed nearby, twisting his upper body while reaching simultaneously. In the case sub judice the claimant’s movement causing the injury was merely to change positions while seated. He did not twist or lean or engage in any other type of motion other than to simply start to get up from his chair. Under these circumstances it cannot be said that claimant’s injury was caused by an accident arising out of and in the course of his employment. The Florida Supreme Court has expressly declined to broaden the purpose of workers’ compensation legislation to allow recovery for any injury occurring in the work place, including injuries arising out of conditions personal to the claimant which are not caused or aggravated by industry. Leon County School Board v. Grimes, 548 So.2d 205, 206 (Fla.1989). The mere occurrence of an injury at work, without more, is not enough to establish compensability. See Southern Bell Telephone & Telegraph Co. v. McCook, 355 So.2d 1166 (Fla.1977).
Claimant’s injuries were not the result of an accident arising out of his employment, and his employment conditions in no way contributed to his injury. Accordingly, the JCC’s order finding claimant’s May 6, 1988, accident compensable is reversed.
BOOTH and MINER, JJ., concur.