[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from approval of a rear lot resubdivision by the Southington Planning and Zoning Commission. A public hearing was held on the matter on April 7, 1992. On April 10, 1992 the applicants filed an application with Inland Wetlands and Watercourses Commission. At the April 21, 1992 meeting of the Planning and Zoning Commission, the town planner reported that the Conservation Commission had met and concluded that no inland wetlands permit was required. The Planning and Zoning Commission then voted to approve the resubdivision.
The plaintiff, Walter J. Cook, Trustee, owns property within 100 feet of the subject property which is known as 54 Glen Drive, Southington, Connecticut. The plaintiff is therefore aggrieved under General Statutes 8-8(a). Smith v. Planning and Zoning Commission, 3 Conn. App. 550, 555-56, Aff'd203 Conn. 317 (1987). A zoning board is endowed with liberal discretion and its decision will not be disturbed unless it is CT Page 8860 found to be unreasonable, arbitrary, or illegal. Spero v. Zoning Board of Appeals, 217 Conn. 435, 440 (1991). The burden of proof is on the plaintiff to demonstrate that the board acted improperly. Id.
The plaintiff first claims that the Planning and Zoning Commission lacked jurisdiction because General Statutes 8-26
was not complied with in that the applicants Domenic and Domenica Giammateo did not submit an application to the Inland Wetlands Commission "no later than the day the application [was] filed for the . . . resubdivision." Conn. Gen. Stat. 8-26. The plaintiff claims that this action was required in the instant case because the land regulated involved an inland wetland. However, 22a-42a(b) states that "no regulations of an inland wetlands agency including boundaries of inland wetlands and watercourse areas shall become effective or be established until after a public hearing in relation thereto is held by the inland wetlands agency." Conn. Gen. Stat. 22a-42a(b) (emphasis added). Notice of the time and place of such hearing must also be published in the form of a legal advertisement. Conn. Gen. Stat. 22a-42a(b). There are no legally recognized inland wetlands upon the subject property because no public hearing with notice was held in accordance with General Statutes 22a-42a(b). Therefore, it was not necessary to submit the matter to the inland wetlands agency of the town.
The plaintiff also claims that creation of a rear lot should not have been permitted as the land was not unintentionally landlocked. However, under 11-14.1 of the Southington Zoning Regulations, the topography of the property provides sufficient reason for a resubdivision if the use of a rear lot accomplishes the best use of the land. Thus, there is no requirement that the property be unintentionally landlocked for rear lot usage to be permissible.
Section 11-14.5 of the zoning regulations states that the commission shall not approve rear lots unless such lots provide the best use of the land taking into consideration difficulty of drainage and configuration, inaccessibility, temporary flooding, steep topography, utility lines and rights-of-way. The plaintiff argues that a rear lot should not be allowed because the subject property possesses none of these characteristics. However, the commission need only consider these factors; the presence of such characteristics on the land is not a requirement for rear lot approval as long as use of the rear lot CT Page 8861 would provide the best use of the land. Southington Zoning Regulations 11-14.5.
The plaintiff next claims that the decision of the commission was improper because approval of a rear lot resubdivision violates private restrictions of no more than one residential dwelling per lot. Restrictive covenants, however, do not control a decision of a zoning authority. Singleterry v. Albuquerque, 632 P.2d 345 (N.M. 1981). Where a zoning authority by its regulations allows a particular use, such a use may not be denied simply because it would violate a restrictive covenant. Friends of Shawangunks, Inc. v. Knowlton, 487 N.Y.S.2d 543
(1985). Therefore, the restrictions on the property in the instant case do not invalidate the commission's approval of the resubdivision.
For the reasons stated, the appeal is dismissed.
JOSEPH H. GOLDBERG SENIOR JUDGE