(147 P.3d 1091)
No. 93,466 ■

NANCY A. JOHNSON, *Appellee,* v. JOHNSON COUNTY, *Appellant.*

Opinion filed March 10, 2006.

*Eric T. Lanham* and *Douglas M. Greenwald,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellants.

*Michael H. Stang,* of Mark & Burkhead Law Offices, of Mission, for appellee.

Before BUSER, P.J., CAPLINGER, J., and KNUDSON, S.J.

BUSER, J.: Johnson County appeals from the final order of the Workers Compensation Board (Board) awarding compensation for an injury suffered by Nancy A. Johnson which the Board determined arose out of her employment. We reverse.

### Factual and Procedural Background

Johnson works for Johnson County as a child care licensing specialist. She inspects child care facilities and spends 5 to 10 percent

of her time in the office doing paperwork. According to the Board's findings—which adopted the administrative law judge's findings—Johnson was injured while at her office on August 5, 2002. On that occasion, Johnson "injured her left knee when she simultaneously turned in her chair and attempted to stand while reaching for a file that was overhead. Claimant immediately experienced severe pain in her left knee, which would not straighten." A medical examination revealed a bucket handle meniscal tear to the knee. The injury was surgically repaired, and Johnson was released without restrictions.

The administrative law judge found Johnson's injury arose out of her employment under K.S.A. 44-501(a), which provides coverage to "personal injury by accident arising out of and in the course of employment." In making this finding, the administrative law judge noted:

"It is true that the claimant could have bent her knee in a similar fashion away from work, and thereby injured her knee away from work, but that did not happen here. This was a knee bend in furtherance of the employment—it was something the claimant did to accomplish her job—and it produced a locked up knee."

The Board affirmed, rejecting Johnson County's argument that compensation was excluded under K.S.A. 2002 Supp. 44-508(e), which provides "[a]n injury shall not be deemed to have been directly caused by the employment where it is shown that the employee suffers disability . . . by the normal activities of day-to-day living." Johnson was awarded compensation from Johnson County for the accident and resulting disability.

## Standard of Review and Question Presented

An appellate court's review of a decision from the Board is governed by the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* Under K.S.A. 77-621, appellate review is explicitly limited to questions of law. When an appellate court reviews a decision from the Board, it should not disturb the decision unless the court concludes: (1) The Board has erroneously interpreted or applied the law; (2) the Board's actions were based on facts not supported by substantial evidence; (3) the Board's actions were otherwise unreasonable, arbitrary, or capri-

cious. See *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 277, 899 P.2d 1058 (1995).

The parties agree that our standard of review is substantial competent evidence. Substantial evidence in a workers compensation case is evidence that possesses something of substance and relevant consequence and carries with it fitness to induce the conclusion that the award is proper, or furnished a substantial basis of fact from which the issue raised can be reasonably resolved. An appellate court reviews the evidence in the light most favorable to the prevailing party and does not reweigh the evidence or assess the credibility of the witnesses. *Neal v. Hy-Vee, Inc.*, 277 Kan. 1, 16-17, 81 P.3d 425 (2003).

The parties present the following question: Was there substantial competent evidence to support the Board's conclusion that Johnson's act of standing up from a seated position arose out of her employment under K.S.A. 44-501(a) and that this act was not part of her "normal activities of day-to-day living" under K.S.A. 2002 Supp. 44-508(e)?

*Analysis*

Based on our review of the record, the Board's conclusion was not supported by substantial competent evidence.

In addition to the facts recounted above, the record also reflects that prior to August 5, 2002, Johnson had a history of three or four incidents of left knee pain. Her treating physician, Dr. Jennifer Finley, testified that "[i]t looks like she had had years of degeneration and had some previous problems, and it was just a matter of time." According to Johnson's retained expert, Dr. P. Brent Koprivica, a meniscal tear injury "usually goes along with some relative degeneration of the tissues and that means the tissues are weaker." With regard to the mechanism of Johnson's injury, Dr. Finley testified, "It wasn't anything particular about the swiveling in her chair that would be anymore likely to do it than getting out of a car or getting out of bed or just standing up or anything else." Dr. Koprivica observed that "there are activities in daily life where you pivot."

It is true that Johnson was at work when the meniscal tear occurred, and it is true that under K.S.A. 2002 Supp. 44-508(e), the definitions of "personal injury" and "injury" are linked to work and include "any lesion or change in the physical structure of the body, causing damage or harm thereto, so that it gives way under the stress of the worker's usual labor." It is also true, however, that under the same statute some injuries are not "deemed to have been directly caused by the employment . . . ." K.S.A. 2002 Supp. 44-508(e). These latter injuries are those which result from, *inter alia*, "the normal activities of day-to-day living." K.S.A. 2002 Supp. 44-508(e).

Considering the facts of this case, we do not find substantial evidence to support the Board's finding that Johnson's act of standing up was *not* a normal activity of daily living. For example, in *Martin v. U.S.D. No. 233*, 5 Kan. App. 2d 298, 300, 615 P.2d 168 (1980), a back injury suffered when a claimant exited his vehicle upon arrival at work was not compensable because "almost any everyday activity would have a tendency to aggravate [the] condition." In *Boeckmann v. Goodyear Tire & Rubber Co.*, 210 Kan. 733, 734, 504 P.2d 625 (1972), a worker sought compensation following a back injury which arose when he stooped down to pick up a tire. In affirming the Board's denial of compensation, our Supreme Court cited the examiner's findings that "there was no difference between stoops and bends on the job or off." 210 Kan. at 739.

The Board held here that Johnson's "injury . . . is distinguishable from both *Martin* and *Boeckmann*," but in our opinion these cases are persuasive authority to deny compensation. *Martin* and *Boeckmann* demonstrate the well-established rule that when an injury occurs at work, it is not compensable unless it is "fairly traceable to the employment," as contrasted with hazards to which a worker "would have been equally exposed apart from the employment." *Siebert v. Hoch*, 199 Kan. 299, Syl. ¶ 5, 428 P.2d 825 (1967).

An injury is compensable only if, *inter alia*, the "employment exposes the worker to an increased risk of injury of the type actually sustained." *Angleton v. Starkan, Inc.*, 250 Kan. 711, 718, 828 P.2d

933 (1992). This was seen in *Anderson v. Scarlett Auto Interiors*, 31 Kan. App. 2d 5, 6, 61 P.3d 81 (2002), where an employee suffered a back injury after entering and exiting vehicles 20 to 30 times per work day while installing parts. This injury was compensable because the claimant "would not have been equally exposed to the risk that ultimately caused the injury" apart from his employment. 31 Kan. App. 2d at 11.

It is fundamental that " '[t]he legislature is presumed to have expressed its intent through the language of the statutory scheme.' " *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005). The language of K.S.A. 44-501(a) and K.S.A. 2002 Supp. 44-508(e) shows that injuries caused by or aggravated by the strain or physical exertion of work do not arise out of employment if the strain or physical exertion in question is a normal activity of day-to-day living. Substantial evidence did not support the Board's finding that Johnson's act of standing up from a chair to reach for something was not a normal activity of day-to-day living. See *Poff v. IBP, Inc.*, 33 Kan. App. 2d 700, 710, 106 P.3d 1152 (2005) ("Standing and sitting are normal everyday activities.").

Other jurisdictions which have considered similar factual scenarios have reached the similar conclusion that ordinary activities of daily living which result in on-the-job injuries are not compensable under workers compensation laws. See *Strategic Marketing Systems v. Soranno*, 559 So. 2d 353, 354 (Fla. Dist. App. 1990) (telemarketing representative's torn meniscal injury to knee was not the result of an accident arising out of his employment when the injury occurred when he started to stand from a seated position and his knee popped and locked); *Board of Trustees v. Industrial Com.*, 44 Ill. 2d 207, 214-15, 254 N.E.2d 522 (1969) (teaching assistant's back injury not caused by risk incidental to employment where he turned in his chair while seated at a desk and medical evidence was that because of his degenerative condition any ordinary activity would have caused back injury).

Given our holding, the remaining issue raised by Johnson County is moot.

Reversed.